UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| FUJITSU NETWORK COMMUNICATIONS, INC., a California corporation, and FUJITSU LIMITED, a Japanese corporation, <br><br> Plaintiffs, <br><br> v. <br><br> TELLABS, INC., a Delaware corporation, and TELLABS OPERATIONS, INC., a Delaware corporation, <br><br> Defendants. | Civil Action No. <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

**FUJITSU NETWORK COMMUNICATIONS, INC. AND FUJITSU LIMITED'S
COMPLAINT FOR PATENT INFRINGEMENT AGAINST TELLABS, INC. AND
TELLABS OPERATIONS, INC.; JURY DEMAND**

Plaintiffs Fujitsu Network Communications, Inc. and Fujitsu Limited, through counsel, hereby demand a jury trial and complain of Defendants Tellabs, Inc. and Tellabs Operations, Inc. as follows:

**NATURE OF THE ACTION**

1. This is an action by Plaintiffs Fujitsu Network Communications, Inc. ("FNC") and Fujitsu Limited ("Fujitsu"), collectively referred to as "Plaintiffs," against Defendants Tellabs, Inc. and Tellabs Operations, Inc., collectively referred to as "Defendants," for infringement of U.S. Patent Nos. 5,526,163; 5,521,737; 5,386,418; and 6,487,686 (collectively, the "Fujitsu Patents").

## THE PARTIES

2. Fujitsu is a corporation organized and existing under the laws of Japan and having a principal place of business at 1-1 Kamikodanaka 4-chome, Nakahara-ku, Kawasaki-shi, Kanagawa-ken, 211-8588 Japan. Fujitsu is the owner of all rights in the Fujitsu Patents asserted by Plaintiffs herein.

3. FNC is a corporation organized and existing under the laws of California and having a principal place of business at 2801 Telecom Parkway, Richardson, Texas 75082. FNC is a wholly owned subsidiary of Fujitsu and is a licensee under the Fujitsu Patents asserted by Plaintiffs herein.

4. On information and belief, Defendant Tellabs, Inc. is a Delaware corporation with its principal executive offices at One Tellabs Center, 1415 West Diehl Road, Naperville, Illinois 60563. On information and belief, Tellabs Inc. has an office at 501 President George Bush Turnpike, Suite 150, Richardson, Texas 75080 and is doing business in the Eastern District and elsewhere in the State of Texas.

5. On information and belief, Defendant Tellabs Operations, Inc. is a Delaware corporation with offices at One Tellabs Center, 1415 West Diehl Road, Naperville, Illinois 60563. On information and belief, Tellabs Operations, Inc. has offices in Rockwall, Texas and Plano, Texas, and is doing business in the Eastern District and elsewhere in the State of Texas. Tellabs Operations, Inc. has designated an agent for service of process in Dallas, Texas.

6. Tellabs manufactures, assembles, uses, offers for sale and/or sells optical communication products (referred to as "the Accused Tellabs Products"). Upon information and belief, the Accused Tellabs Products are made, used, offered for sale and/or sold in the United States, including in the State of Texas.

7. The Accused Tellabs Products have infringed and continue to infringe U.S. Patents owned by Fujitsu and licensed to FNC. Accordingly, Plaintiffs seek monetary damages to remedy Defendants' past infringement of the Fujitsu Patents and an injunction to prevent further acts of infringement.

## JURISDICTION AND VENUE

8. This infringement action arises under the patent laws of the United States, Title 35, United States Code. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a).

9. FNC's principal office is in Richardson, Texas and resides in Collin County which is in the Eastern District of Texas.

10. Defendants have done – and continue to do – business in the Eastern District of Texas. For example, upon information and belief, Defendants have business offices in Richardson and Plano, both of which are in the Eastern District of Texas.

11. Defendants have minimum contacts with the Eastern District of Texas such that this venue is fair and reasonable. On information and belief, Defendants have committed purposeful acts or transactions in the State of Texas such that it reasonably knew and expected that it could be brought into a Texas court as a consequence of such activity. Further, on information and belief, Defendants have committed acts of infringement in the Eastern District of Texas. Accordingly, venue in the Eastern District of Texas is proper under 28 U.S.C. §§1391(b), 1400(b).

## FIRST CLAIM FOR PATENT INFRINGEMENT
### (Infringement of U.S. Patent 5,526,163)

12. The allegations of paragraphs 1-11 above are incorporated for this First Claim as though fully set forth herein.

3

13. On June 11, 1996, United States Patent No. 5,526,163 ("the '163 Patent") duly and legally issued to Fujitsu. This patent is titled "Optical Amplifier and Optical Communication System With Optical Amplifier Using Pumping Light Beam." A copy of the '163 Patent is attached hereto as "Exhibit A" and made a part hereof.

14. Fujitsu is the owner of the '163 Patent and has the right to enforce the '163 Patent. FNC is licensed under the '163 Patent.

15. On information and belief, Defendants manufacture, offer for sale, sell and/or use systems falling within the scope of one or more of the claims of the '163 Patent, including, but not limited to, Tellabs 7100, Tellabs 6325 and Tellabs 6370. As a result, Defendants have infringed, continue to infringe, and/or threaten infringement of one or more of the claims of the '163 Patent as defined by 35 U.S.C. § 271. Plaintiffs have suffered damage by reason of Defendants' infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.

16. On information and belief, Defendants' acts of infringement have been, and, if not ceased immediately, will be committed with full knowledge of Plaintiffs' rights under the '163 Patent, and in willful and wanton disregard thereof, rendering this an exceptional case under 35 U.S.C. § 285.

17. Plaintiffs believe that Defendants will continue to infringe the '163 Patent unless enjoined by this Court. Such infringing activity causes Plaintiffs irreparable harm and will continue to cause such harm without the issuance of an injunction.

### SECOND CLAIM FOR PATENT INFRINGEMENT
**(Infringement of U.S. Patent 5,521,737)**

18. The allegations of paragraphs 1-11 above are incorporated for this Second Claim as though fully set forth herein.

19. On May 28, 1996, United States Patent No. 5,521, 737 ("the '737 Patent") duly and legally issued to Fujitsu. This patent is titled "Optical Amplifier and Optical Communication System With Optical Amplifier Using Pumping Light Beam." A copy of the '737 Patent is attached hereto as "Exhibit B" and made a part hereof.

20. Fujitsu is the owner of the '737 Patent and has the right to enforce the '737 Patent. FNC is licensed under the '737 Patent.

21. On information and belief, Defendants manufacture, offer for sale, sell and/or use systems having an optical amplifier falling within the scope of one or more of the claims of the '737 Patent, including, but not limited to, Tellabs 7100, Tellabs 6325 and Tellabs 6370. As a result, Defendants have infringed, continue to infringe, and/or threaten infringement of one or more of the claims of the '737 Patent as defined by 35 U.S.C. § 271. Plaintiffs have suffered damage by reason of Defendants' infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.

22. On information and belief, Defendants' acts of infringement have been, and, if not ceased immediately, will be committed with full knowledge of Plaintiffs' rights under the '737 Patent, and in willful and wanton disregard thereof, rendering this an exceptional case under 35 U.S.C. § 285.

23. Plaintiffs believe that Defendants will continue to infringe the '737 Patent unless enjoined by this Court. Such infringing activity causes Fujitsu irreparable harm and will continue to cause such harm without the issuance of an injunction.

### THIRD CLAIM FOR PATENT INFRINGEMENT
(Infringement of U.S. Patent 5,386,418)

24. The allegations of paragraphs 1-11 above are incorporated for this Third Claim as though fully set forth herein.

5

25. On January 31, 1995, United States Patent No. 5,386,418 ("the '418 Patent") duly and legally issued to Fujitsu. This patent is titled "Method for Synchronizing Synchronous Data Communication Network and Communication Device Used in the Synchronous Data Communication Network." A copy of the '418 Patent is attached hereto as "Exhibit C" and made a part hereof.

26. Fujitsu is the owner of the '418 Patent and has the right to enforce the '418 Patent. FNC is licensed under the '418 Patent.

27. On information and belief, Defendants manufacture, offer for sale, sell and/or use systems for synchronous data communications falling within the scope of one or more of the claims of the '418 Patent, including, but not limited to, the Tellabs 7100, the Tellabs Titan 5500, Tellabs 5500, Tellabs 5500 NGX-S and 5500 NGX-MX. As a result, Defendants have infringed, continue to infringe, and/or threaten infringement of one or more of the claims of the '418 Patent as defined by 35 U.S.C. § 271. Plaintiffs have suffered damage by reason of Defendants' infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.

28. On information and belief, Defendants' acts of infringement have been, and, if not ceased immediately, will be committed with full knowledge of Plaintiffs' rights under the '418 Patent, and in willful and wanton disregard thereof, rendering this an exceptional case under 35 U.S.C. § 285.

29. Plaintiffs believe that Defendants will continue to infringe the '418 Patent unless enjoined by this Court. Such infringing activity causes Fujitsu irreparable harm and will continue to cause such harm without the issuance of an injunction.

**FOURTH CLAIM FOR PATENT INFRINGEMENT**
**(Infringement of U.S. Patent 6,487,686)**

30. The allegations of paragraphs 1-11 above are incorporated for this Fourth Claim as though fully set forth herein.

31. On November 26, 2002, United States Patent No. 6,487,686 ("the '686 Patent") duly and legally issued to Fujitsu. This patent is titled "Error Correction Method and Transmission Apparatus." A copy of the '686 Patent is attached hereto as "Exhibit D" and made a part hereof.

32. Fujitsu is the owner of the '686 Patent and has the right to enforce the '686 Patent with respect to Tellabs. FNC is licensed under the '686 Patent.

33. On information and belief, Defendants manufacture, offer for sale, sell and/or use systems falling within the scope of one or more of the claims of the '686 Patent, including, but not limited to, the Tellabs 7100, Tellabs 6350, Tellabs 6340 and Tellabs 6320. As a result, Defendants have infringed, continue to infringe, and/or threaten infringement of one or more of the claims of the '686 Patent as defined by 35 U.S.C. § 271. Plaintiffs have suffered damage by reason of Tellabs' infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.

34. On information and belief, Defendants' acts of infringement have been, and, if not ceased immediately, will be committed with full knowledge of Plaintiffs' rights under the '686 Patent, and in willful and wanton disregard thereof, rendering this an exceptional case under 35 U.S.C. § 285.

35. Plaintiffs' believe that Defendants will continue to infringe the '686 Patent unless enjoined by this Court. Such infringing activity causes Fujitsu irreparable harm and will continue to cause such harm without the issuance of an injunction.

**PRAYER FOR RELIEF**

Plaintiffs Fujitsu and FNC request that the Court find in its favor and against Defendants and that the Court grant the following relief:

a. Judgment that one or more of the claims of the '163 Patent, '737 Patent, '418 Patent and '686 Patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

b. Judgment in favor of Plaintiffs for the full amount of their actual damages caused by Defendants' infringing activities, which include lost profits and/or a reasonable royalty and an assessment of interests and costs, and trebling the same by reason of the willful, wanton, and deliberate nature of such infringement;

c. Judgment that infringement is willful;

d. Judgment that this is an "exceptional case" and awarding Plaintiffs their reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

e. Judgment that Defendants be preliminarily and permanently enjoined from further activity or conduct that infringes the claims of the '163 Patent, '737 Patent, '418 Patent and '686 Patent; and

f. Judgment that the Court award Plaintiffs such other and further relief as is just and proper under the circumstances.

                                                          Respectfully submitted,

Dated: <u>January 29, 2008</u>          By:    <u>/s/ Doug McSwane</u>
                                                   Douglas R. McSwane, Jr.
                                                   State Bar No. 13861300
                                                   Michael Jones
                                                   State Bar No. 10929400
                                                   POTTER MINTON PC
                                                   110 N. College, Suite 500
                                                   Tyler, TX 75702
                                                   Telephone: (903) 597-8311
                                                   Facsimile: (903) 593-0846

Email: dougmcswane@potterminton.com
Email: mikejones@potterminton.com

David E. Wang
Jae Kim
Mark Stirrat
Orrick, Herrington & Sutcliffe, LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614
Telephone: (949) 567-6700
Facsimile: (949) 567-6710
Email: dwang@orrick.com
Email: mstirrat@orrick.com
Email: jhkim@orrick.com

Jeffrey A. Miller
Kevin Jones
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401
Email: jmiller@orrick.com
Email: kjones@orrick.com

Attorneys for Plaintiffs Fujitsu Network
Communications, Inc. and Fujitsu Limited

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| FUJITSU NETWORK COMMUNICATIONS, INC., a California corporation, and FUJITSU LIMITED, a Japanese corporation, | § § § § § | **Civil Action No.** **DEMAND FOR JURY TRIAL** |
| Plaintiffs, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| TELLABS, INC., a Delaware corporation, and TELLABS OPERATIONS, INC., a Delaware corporation, | § § § § | |
| Defendants. | § § | |

**DEMAND FOR JURY TRIAL**

In the above-captioned action, Plaintiffs hereby demand a trial by jury as to all issues in this action triable by jury.

Respectfully submitted,

Dated: January 29, 2008        By:    /s/ Doug McSwane
                                       Douglas R. McSwane, Jr.
                                       State Bar No. 13861300
                                       Michael Jones
                                       State Bar No. 10929400
                                       POTTER MINTON PC
                                       110 N. College, Suite 500
                                       Tyler, TX  75702
                                       Telephone:  (903) 597-8311
                                       Facsimile:  (903) 593-0846
                                       Email:  dougmcswane@potterminton.com
                                       Email:  mikejones@potterminton.com

David E. Wang

Jae Kim
Mark Stirrat
Orrick, Herrington & Sutcliffe, LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614
Telephone: (949) 567-6700
Facsimile: (949) 567-6710
Email: dwang@orrick.com
Email: mstirrat@orrick.com
Email: jhkim@orrick.com

Jeffrey A. Miller
Kevin Jones
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401
Email: jmiller@orrick.com
Email: kjones@orrick.com

Attorneys for Plaintiffs Fujitsu Network Communications, Inc. and Fujitsu Limited