IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FUJITSU LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-C-4530 |
| | ) | |
| TELLABS OPERATIONS, INC. & | ) | |
| TELLABS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

On January 29, 2008, Fujitsu Limited ("Fujitsu") filed this lawsuit against Tellabs, Inc. and Tellabs Operations, Inc. ("Tellabs") in the U.S. District Court for the Eastern District of Texas ("Texas Action") alleging, *inter alia*, infringement of U.S. Patent No. 6,487,686 ("'686 Patent"). (Case No. 09-4530, Dkt. No. 1, Compl. ¶¶ 1, 30-35.)[1] Tellabs asserted counterclaims against Fujitsu seeking, *inter alia*, declaratory judgment of non-infringement (Fifth Counterclaim) and invalidity (Ninth Counterclaim) with respect to the '686 Patent. (Dkt. No. 21, Answer ¶¶ 27-28, 35-36.) On November 21, 2008, Fujitsu notified Tellabs that it intended to dismiss its claims of infringement with respect to the '686 Patent and would grant Tellabs a covenant not to sue under the '686 Patent. (Dkt. No. 172 ("Fujitsu's Mot.") at 2.) Fujitsu originally filed its "Motion to Dismiss (1) Fujitsu's Fourth Claim (Infringement of U.S. Patent 6,487,686) with Prejudice and (2) Defendants' Fifth and Ninth Counterclaims Without Prejudice" on January 26, 2009, in the Texas Action (Dkt. No. 53), which was denied without

---

[1] All citations are to Case No. 09-4530, which is consolidated with Case No. 08-3379.

prejudice after the Texas court granted Tellabs's motion to transfer the action to the Northern District of Illinois (Dkt. No. 118).  Fujitsu has renewed that motion before this court.  (Dkt. No. 172.)  For the reasons explained below, Fujitsu's Motion to Dismiss (Dkt. No. 172) is granted.

BACKGROUND

In its Motion, Fujitsu requests that the court dismiss Fujitsu's claim for infringement of the '686 Patent with prejudice and dismiss Tellabs's counterclaims for a declaratory judgment of non-infringement and invalidity of the '686 Patent without prejudice based on Fujitsu's proposed covenant not to sue Tellabs for past and present infringement of the '686 Patent.  According to Fujitsu, this covenant not to sue "divests the Court of subject matter jurisdiction."  (Fujitsu's Mot. 2.)  Tellabs opposes Fujitsu's Motion, arguing that the covenant not to sue proposed by Fujitsu does not extinguish this court's jurisdiction over its counterclaims for declaratory judgment of non-infringement and invalidity because the covenant (1) does not cover Tellabs's future products and (2) does not extend to Fujitsu's assignees.  (Dkt. No. 184 ("Tellabs's Resp.") at 4, 9.)  Tellabs further objects to Fujitsu's Motion "to the extent that Fujitsu seeks to dismiss Tellabs' counterclaims to avoid Tellabs' claim for exceptional damages under 35 U.S.C. § 285." (*Id.* at 9.)

ANALYSIS

"Subject matter jurisdiction in a declaratory judgment suit depends upon the existence of 'a substantial controversy, between . . . parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment . . . ."  *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1345 (Fed. Cir. 2010) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).  The plaintiff in a declaratory judgment action–here

Tellabs–"bears the burden of proving the existence of such a controversy throughout the litigation." *Id.*

In *Dow Jones & Co.*, the Federal Circuit reaffirmed its pre-*MedImmune* case law, including its decision in *Super Sack v. Chase Packaging* Corp, 57 F.3d 1054 (Fed. Cir. 1995), recognizing "that a covenant not to sue for patent infringement divests the trial court of subject matter jurisdiction over claims that the patent is invalid, because the covenant eliminates any case or controversy between the parties." *Id.* at 1346. However, "whether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant." *Id.* at 1346-47 (quoting *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2007).

In this case, the covenant not to sue proposed by Fujitsu provides in pertinent part:

> Fujitsu Limited hereby unconditionally covenants not to sue defendants Tellabs, Inc., Tellabs Operations, Inc. and Tellabs North America, Inc. (collectively "the Defendants") for infringement as to any claim of U.S. Patent No. 6, 487,686 based upon the Defendants [sic] making, using, manufacturing, development, design, marketing, licensing, distributing, importing, offering for sale, or selling of the Defendants' products *as they exist today or have existed in the past*. Fujitsu Limited's covenant not to sue extends to the Defendants' direct or indirect subsidiaries, the Defendants' customers and chain of distribution of the Defendants' products as they *exist today or have existed in the past*.

(Dkt. No. 172, Dickerson Decl. ¶ 2, attached as Ex. 2 to Fujitsu's Mot. (emphasis added).) Tellabs first argues that this covenant does not dispose of the entire controversy between the parties because it does not apply to Tellabs's future products. In *Dow Jones*, however, the Federal Circuit found that a similar covenant defeated the court's subject matter jurisdiction. Specifically, the covenant not to sue in *Dow Jones* provided that Ablaise released and would not sue Dow Jones "for infringement of the *'530 patent* as of the date of this agreement based on

3

Dow Jones' manufacture, importation, use, sale and/or offer for sale of *currently existing* products or use of methods" or for "Dow Jones' past products or use." *Dow Jones*, 606 F.3d at 1345 (second emphasis added). Based on the language of the covenant quoted by the Federal Circuit, future products apparently were not covered by the covenant. Similarly in *Super Sack*, the Federal Circuit determined that a covenant not to sue divested the court of jurisdiction over a counterclaim for invalidity even though the covenant did not extend to the accused infringer's future products. 57 F.3d at 1059-60. Consequently, the court disagrees with Tellabs that the covenant must reach Tellabs's future products to eliminate declaratory judgment jurisdiction over Tellabs' Fifth and Ninth Counterclaims.

Moreover, even though Tellabs "bears the burden of proving the existence of such a controversy throughout the litigation," *Dow Jones*, 606 F.3d at 1345, it has not specifically identified any future products likely to infringe the '686 patent but rather alleges without any evidentiary support that "Tellabs will undoubtedly develop additional products" in the future. (Tellabs's Resp. 6.) Such speculation as to what Tellabs may do in the future does not demonstrate the type of "substantial controversy . . . of sufficient immediacy and reality" required to support declaratory judgment jurisdiction. *See MedImmune*, 549 U.S. at 127; *see also Super Sack*, 57 F.3d at 1059-60 ("Chase has . . . never contended that it has already taken meaningful preparatory steps toward an infringing activity by planning to make a new product that may later be said to infringe. . . . The residual possibility of a future infringement suit based on Chase's future acts is simply too speculative a basis for jurisdiction over Chase's counterclaim for declaratory judgment of invalidity."). The court, therefore, finds that Fujitsu's covenant not to sue need not cover future products to extinguish the controversy between the parties.

Tellabs also argues that "the covenant offered by Fujitsu is prejudicial to Tellabs to the extent that it is not binding on future assignees of the '686 Patent." (Tellabs's Resp. 9.) Notably, Tellabs has not identified any authority indicating that a covenant not to sue must extend to the patentee's future assignees to eliminate the controversy between the parties. Nor has Tellabs argued or offered any evidence that Fujitsu is likely to sell the '686 Patent to a third party. Again, applying the legal standard articulated by the Supreme Court in *MedImmune*, the court finds that the unsubstantiated possibility that Fujitsu may assign the '686 Patent in the future is not of "sufficient immediacy and reality" to confer declaratory judgment jurisdiction of Tellabs's counterclaims on this court.

Finally, Tellabs "opposes Fujitsu's motion to the extent that Fujitsu seeks to dismiss Tellabs' counterclaims to avoid Tellabs' claim for exceptional damages under 35 U.S.C. 285." (Resp. 9.) Fujitsu, however, agrees that dismissing Tellabs' Fifth and Ninth Counterclaims does not affect Tellabs's right to pursue damages under 35 U.S.C. § 285. (*See* Dkt. No. 212 ("Fujitsu's Reply") at 5.) This conclusion also is consistent with the Federal Circuit's decision in *Highway Equipment Co. v. FECO, Ltd.*, 469 F.3d 1027, 1032-33 (Fed. Cir. 2006). However, the court declines Tellabs's invitation to issue an order "confirming Defendants' right to pursue discovery regarding the '686 Patent, its validity, and its enforceability to the extent those claims and defenses relate to Defendants' claim for exceptional damages under 35 U.S.C. § 285." (Resp. 12.) At this point, based on the parties' submissions to the court, Tellabs has yet to propound any discovery requests related to the '686 Patent and, therefore, no discovery disputes on this issue have arisen. Should Tellabs eventually pursue such discovery and the parties require the court's intervention to resolve a disagreement over the scope that discovery, Tellabs can file an

appropriate motion.

## CONCLUSION

Consequently, for the reasons explained above, Fujitsu's "Motion to Dismiss (1) Fujitsu's Fourth Claim (Infringement of U.S. Patent 6,487,686) with Prejudice and (2) Tellabs' Fifth and Ninth Counterclaims Without Prejudice" (Dkt. No. 172) is granted.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: November 4, 2010