# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| FUJITSU LIMITED,<br><br>     PLAINTIFF<br><br>v.<br><br>TELLABS OPERATIONS, INC. AND TELLABS, INC.,<br><br>     DEFENDANTS. | CIVIL ACTION NO. 09 CV 04530<br>*Complaint filed January 29, 2008*<br><br>JUDGE JAMES F. HOLDERMAN<br>MAGISTRATE JUDGE JEFFREY COLE<br><br>JURY TRIAL DEMANDED |
| TELLABS OPERATIONS, INC.,<br><br>     PLAINTIFF,<br><br>v.<br><br>FUJITSU LIMITED AND FUJITSU NETWORK COMMUNICATIONS, INC.,<br><br>     DEFENDANTS. | CIVIL ACTION NO. 08 CV 3379<br>*Complaint filed June 11, 2008*<br><br>JUDGE JAMES F. HOLDERMAN<br>MAGISTRATE JUDGE JEFFREY COLE<br><br>JURY TRIAL DEMANDED |
| FUJITSU LIMITED,<br><br>     COUNTER CLAIMANT,<br><br>v.<br><br>TELLABS OPERATIONS, INC., TELLABS, INC.,  AND TELLABS NORTH AMERICA, INC.,<br><br>     COUNTER DEFENDANTS. | |
| FUJITSU NETWORK COMMUNICATIONS, INC.,<br><br>     COUNTER CLAIMANT,<br><br>v.<br><br>TELLABS OPERATIONS, INC.,<br><br>     COUNTER DEFENDANT. | |

**FUJITSU LIMITED AND FUJITSU NETWORK COMMUNICATIONS, INC.'S RESPONSE TO TELLABS' ORAL MOTION TO DISALLOW FUJITSU'S AMENDED COMPLAINT AND INFRINGEMENT CONTENTIONS**

## TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ................................................................................................................ 2

STATEMENT OF FACTS ................................................................................................... 2

ARGUMENT ....................................................................................................................... 6

    I.     TELLABS' MOTION IS PREMISED MISREPRESENTATIONS OF THE RECORD ................................................................................................... 6

        A.  Tellabs has Known About Fujitsu's Assertion of Claims 2-5 of the '418 Patent Since Mid-2009 .................................................................................. 6

        B.  Tellabs has Known That Fujitsu is Asserting Both Direct and Indirect Theories of Infringement Since Fujitsu Filed its Texas Complaint in 2008 .......... 8

    II.    FUJITSU'S AMENDED COMPLAINT CONTAINS ALLEGATIONS WHICH TELLABS HAS BEEN AWARE OF FOR YEARS ........................... 10

        A.  Tellabs Is Not Prejudiced by Fujitsu's Amended Complaint ............................ 11

        B.  Fujitsu Has Not Acted in Bad Faith or Unduly Delayed the Filing of this Motion ....................................................................................................... 13

        C.  Fujitsu's Amended Complaint is Meritorious ................................................... 14

    III.   FUJITSU'S SUPPLEMENTAL INFRINGEMENT CONTENTIONS ARE PROPER ...................................................................................................... 15

        A.  Tellabs Supplementation of Its Infringement Contentions is Proper ................. 15

        B.  Cases Cited By Tellabs In Attacking Fujitsu's Supplemental Infringement Contentions Are Distinguishable ..................................................................... 16

CONCLUSION .................................................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Campania Management Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843 (7th Cir. 2002) ................................................................................................................10

*Datascope Corp. v. SMEC, Inc*., 962 F.2d 1043 (D.N.J. 1992) ....................................................10

*Genetech, Inc. v. Amgen, Inc.,* 289 F.3d 761 (N.D. Cal. 2002) .............................................16, 17

*O2 Micro Int'l Ltd v. Mono-Lithic Power Systems, Inc*., 467 F.3d 1355 (N.D. Cal. 2006) ................................................................................................................16, 17

*Sony Corp. v. LG Electronics U.S.A., Inc.*, 2011 U.S. Dist. LEXIS 52481 (April 18, 2011) ................................................................................................................14

## RULES

Fed. R. Civ. Proc. 15 ....................................................................................................................10

Northern Dist. of Illinois Local Patent Rule 2.2 ..........................................................................18

Northern Dist. of Illinois Local Patent Rule 3.4 ..........................................................................18

NOW COMES Fujitsu Limited and Fujitsu Network Communications, Inc. (collectively, "Fujitsu"), by and through its counsel, David C. Van Dyke, and for its response to Tellabs' oral motion to disallow certain Fujitsu infringement theories, states as follows:

## INTRODUCTION

Tellabs has orally moved to strike three allegedly "new" infringement theories set forth in Fujitsu's proposed Amended Complaint filed with the Court on May 6, 2011, and in Fujitsu's supplemental infringement contentions served on Tellabs June 16, 2011.   None of Fujitsu's infringement theories are new.  Tellabs has had long-standing notice – back as far as 2008 – of the allegations in the Amended Complaint, and will not be prejudiced by the proposed amendment.  As detailed below, Tellabs' assertions to the Court at the hearing of June 21, 2011 that the Amended Complaint and supplemental infringement contentions raises new issues is disproven by the files and records in this case.   Fujitsu's evidence, as opposed to Tellabs' rhetoric, demonstrates that Fujitsu's proposed amendment should be granted.

## STATEMENT OF FACTS

On January 29, 2008, Fujitsu filed a complaint ("*Original Complaint*") in the U.S. District Court for the Eastern District of Texas ("Texas Action"), alleging that Tellabs Operations, Inc. and Tellabs, Inc. infringed Fujitsu's U.S. Patent No. 5,521,737, No. 5,526,163 and No. 5,386,418.  Fujitsu's *Original Complaint* sought a judgment that Tellabs infringed "either literally and/or under the doctrine of equivalents".[1]   Fujitsu filed initial infringement contentions ("*2008 Infringement Contentions*") in the Texas Action on July 28, 2008, asserting Tellabs' direct infringement of Fujitsu patents and also pleading indirect infringement, namely that Tellabs committed "contributory infringement and induce[d] infringement of the asserted

---

[1]   Dkt. 1, at 8.

claims by others, including the customers of Tellabs who purchase, install and/or use the Accused Instrumentalities." [2]

Fujitsu informed Tellabs in a May 4, 2009 letter that Claims 2-5 of the '418 patent were being asserted against Tellabs.[3]  Thereafter, on June 12, 2009, Fujitsu filed a motion for leave to amend its complaint and infringement contentions in the Texas Action.[4]  The amended complaint ("*2009 Amended Complaint*") and amended infringement contentions ("*2009 Infringement Contentions*") included each of the infringement theories here at issue.

Specifically Fujitsu's indirect infringement allegations against Tellabs were reiterated in Fujitsu's *2009 Amended Complaint*:

> On information and belief, **defendants are contributing to and/or inducing the infringement** of one or more claims of the '163 patent **by offering to sell and selling its systems**, including, but not limited to, the current and preceding versions of the Tellabs® 7100, Tellabs® 6325 and Tellabs® 6370, **to customers, buyers, sellers, users and others that directly infringe** the '163 patent (emphasis added).[5]

(The *2009 Amended Complaint* included similar allegations pertaining to the '418 and '737 patents.)[6]  Likewise, the prayer for relief in the *2009 Amended Complaint* asserted that the '163, '737 and '418 patents "have been infringed, either **directly, contributorily, and/or by inducement**," and added that such infringement occurred "either literally and/or **under the doctrine of equivalents**, by Defendants…"  (emphasis added).[7]

---

[2]  Exhibit "L" attached hereto, at 7.

[3]  *See*, 5/4/09 Correspondence, attached hereto as Exhibit "J."

[4]  *See*, TX Dkt. 89-91.  Fujitsu's motion to amend its infringement contentions was served on Tellabs, along with a copy of the *2009 Infringement Contentions* in the Texas action.  Dkt. 89.

[5]  *See*, Dkt. 91 at ¶ 16.  (Emphasis added.)

[6]  *Id.* at ¶¶ 22, 28.

[7]  Dkt. 91 at 8.  (Emphasis added.)

The *2009 Infringement Contentions* identified the apparatuses, products, devices, processes, methods, acts, or other instrumentalities of Tellabs that Fujitsu believed to be infringing Fujitsu patents.[8] Tellabs was notified that contributory infringement of at least the '737 and '163 patents could "be found through operation of the Accused Instrumentalities, which are not staple articles or commodities of commerce suitable for substantial noninfringing use, in an ordinary and intended manner." [9] The *2009 Infringement Contentions* also contained 100 pages of explicit detail on Fujitsu's infringement analysis for Claims 2-5 of the '418 patent.[10]

On July 7, 2009, upon Tellabs' motion, the Texas Action was transferred to the Northern District of Illinois.[11] Fujitsu's motions in Texas for leave to file the *2009 Amended Complaint* and the *2009 Infringement Contentions*, pending at the time of transfer to Illinois, were denied without prejudice and were to be decided by the Judge Holderman in Illinois.[12] Upon transfer to Illinois, the pending motions were generally discussed with Judge Holderman on July 21, August 27 and September 15, 2009. *See*, Hearing transcripts from 7/21/09,[13] 8/27/09,[14] and 9/15/09.[15] On September 23, 2009, counsel for Tellabs suggested to the Court that the parties meet and confer about the pending Texas motions, and the Court agreed with this suggested course.[16] On March 30, 2010, Fujitsu informed Judge Holderman that the parties were still trying to resolve

---

[8]  *See*, Fujitsu's Second Amended Disclosure Of Asserted Claims and Infringement Contentions, sealed under separate cover as Exhibit "A" hereto.

[9]  Exhibit B-1, p. 2, and C-1, pp. 2-3, to Fujitsu's Second Amended Disclosure Of Asserted Claims and Infringement Contentions, sealed under separate cover as Exhibit "A" hereto.

[10]  Dkt. 89.

[11]  Dkt. 101.

[12]  Dkt. 118.

[13]  Judge Holderman instructed the parties to "file a written status report setting forth those motions that need resolution…." Exhibit "B" hereto, at 9-10.

[14]  The Court stated its intention to resolve the motions no later than the day of the tutorial in September 2010. *See*, Exhibit "C" hereto at 8.

[15]  Exhibit "D" hereto, at 11-12.
[16]  Exhibit "E" hereto, at 167-68.

the pending Texas motions.[17]  Additionally, Fujitsu informed the court that Fujitsu might want to bring a couple more motions, including a motion to amend the Illinois complaint.[18]

Meanwhile, on April 30, 2010, Fujitsu sent a letter to Tellabs advising that Fujitsu continued to assert Claims 2-5 of the '418 patent against Tellabs, as detailed in Fujitsu's *2009 Infringement Contentions*.[19]  Fujitsu followed this letter up on July 30, 2010, with a response to Tellabs' Interrogatory No. 1, which response identified Claims 2-5 as infringed and again alleged that Tellabs committed acts of indirect infringement.[20]

On May 6, 2011, Fujitsu filed its motion for leave to file the amended complaint here at issue.[21]  At the May 12, 2011 hearing on this motion, Tellabs objected to Fujitsu's amended complaint, ostensibly because Fujitsu's earlier infringement contentions did not contain allegations of induced infringement.[22]  The Court asked Tellabs' counsel:  "If I ordered them to provide [supplemental answers to] the contention interrogatories within a set period of time and, then, allowed you time for discovery, wouldn't that ameliorate the prejudice?"[23]  Judge Holderman then ordered that Fujitsu supplement its infringement contentions by June 16, 2011, which Fujitsu did.[24]

---

[17]  Exhibit "F" hereto, at 6.

[18]  *Id.*

[19]  Exhibit "G" hereto.

[20]  Exhibit "K" hereto.

[21]  Dkt. 318.

[22]  Exhibit "H" hereto, at 2-3.

[23]  *Id.* at 3.

[24]  *Id.* at 4-5.  The supplemental infringement contentions were served on Tellabs' counsel on June 16, 2011.

At a hearing on June 21, 2011, Fujitsu informed Judge Holderman that Fujitsu had supplemented its infringement contentions as ordered.[25]  Tellabs, however, continued to object to Fujitsu's amended complaint, and also objected to Fujitsu's supplemental infringement contentions.[26]  Tellabs argued – incorrectly – that (i) Fujitsu had "radically" changed its infringement contentions; (ii) Fujitsu had asserted new theories of infringement; and (iii) Fujitsu's new infringement theories included a theory of indirect infringement purportedly served upon Tellabs for the first time in 2011.[27]  Fujitsu advised Judge Holderman that Tellabs' arguments were incorrect.  The Court thereafter ordered Fujitsu to file a response to Tellabs' oral objections to Fujitsu's Amended Complaint and supplemental infringement contentions.

## ARGUMENT

This Court should allow Fujitsu's Amended Complaint and supplemental infringement contentions.  Notwithstanding Tellabs' misstatements to the Court at the June 21, 2011 hearing, the infringement theories set out in Fujitsu's Amended Complaint and supplemental infringement contentions have been known to Tellabs for literally years, and thus Tellabs has had notice.  Because it has had notice, Tellabs suffers no prejudice.

## I.     TELLABS' MOTION IS PREMISED ON MISREPRESENTATIONS OF THE RECORD

### A.     Tellabs Has Known About Fujitsu's Assertion Of Claims 2-5 Of The '418 Patent Since Mid-2009

Tellabs' counsel Mr. Bradley made at least <u>six</u> misstatements to this Court on June 21, 2011, inaccurately portraying the history of Fujitsu's pleadings in this action:

---

[25]  Exhibit "I" hereto, at 3.

[26]  *Id.* at 4.

[27]  *Id.* at 7-9, 15.

(1)      "*[i]n one instance they are attempting to add four dependent claims to the '418 patent, which would introduce,…new claim terms to be construed by the Court after the parties have been through Markman briefing and this Court has held a Markman ruling on this.*" [28]

(2)      "*The claims they seek to add are Claims 2 through 5 of the '418 patent.*" [29]

(3)      "*they are trying to add dependent Claims 2 to 5; that was never there before*" [30]

(4)      "*ha[d] **never** been done until we got this on Thursday evening at 7:30.*" [31] (Emphasis added).

The misrepresentative nature of these statements is proven by the following facts:

- Fujitsu's May 4, 2009 letter to Tellabs stated: "that at least one of Tellabs' Accused Products infringes each of the currently unasserted claims of the '418 patent (**claims 2-5** and 10-17). … **Fujitsu intends to assert infringement of all claims of the '418 patent** in the forthcoming Amended Infringement Contentions against one or more of the Accused Products." [32] (Emphasis added.)

- Fujitsu's *2009 Infringement Contentions* provided **more than 100 pages** detailing Fujitsu's infringement analysis with respect to Claims 2-5 of the '418 patent.[33]

- Fujitsu's April 30, 2010 letter to Tellabs stated: "please be advised that Fujitsu is hereby asserting infringement, by Tellabs, of the remaining method claims (claims 2-5) of the '418 patent, as set forth in Fujitsu's amended preliminary

---

[28] Exhibit "I" hereto, at 7-8.

[29] *Id.* at 8.

[30] *Id.* at 15 (emphasis added).

[31] *Id.* (emphasis added).

[32] Exhibit "J" hereto.

[33] *See*, sealed Exhibit "A" hereto, Exhibit A-1 at 87-197.

infringement contentions document that was served on Tellabs ten (10) months ago, on June 12, 2009." [34] (Emphasis in original.)

- Fujitsu's July 30, 2010 response to Tellabs' Interrogatory No. 1 in the Illinois action incorporated Fujitsu's 100-plus pages of infringement contentions for Claims 2-5.[35]

Most recently, Fujitsu has re-iterated its position regarding Claims 2-5 in its amended infringement contentions, filed on June 16, 2011 in response to the Court's request.

Regarding Mr. Bradley's contention that new *Markman* proceedings will need to be conducted with respect to Claims 2-5 of the '418 patent, all the terms in Claims 2-5 that Fujitsu wanted the Court to construe are terms from independent Claim 1 of the '418 patent, and therefore have been at issue for years. Those terms were fully addressed in Fujitsu's *Markman* briefs and argued at the *Markman* hearing. If the gist of Mr. Bradley's contention about *Markman* vis-à-vis Claims 2-5 is that Tellabs now wants to construe additional terms from Claims 2-5, Tellabs should have raised the terms earlier.

**B. Tellabs Has Known That Fujitsu Is Asserting Both Direct And Indirect Theories Of Infringement Since Fujitsu Filed Its Texas Complaint In 2008**

Mr. Bradley's misrepresentations at the June 21st hearing continued:

(5) *"Perhaps even more significantly is the attempt to expand the theories of infringement in this case for each of these three patents in suit."* [36]

(6) *"For the '418, '163 and '73 <sic> patents, each of these patents they seek to add two new theories of indirect infringement, contributory and induced, as well as present a theory of doctrine of equivalents.*" [37]

---

[34] Exhibit "G."

[35] Exhibit "K." at pages 91- 201 of Exhibit A-1.

[36] Exhibit "I" at 8.

7

Mr. Bradley again ignores the facts.

- Fujitsu's *Original Complaint* in the Texas Action, filed on January 29, 2008, stated that "one or more of the claims of the '163 Patent, '737 Patent [and] '418 Patent … have been infringed, either literally and/or **under the doctrine of equivalents**, by Defendants." [38, 39] (Emphasis added.)

- Fujitsu's *2008 Infringement Contentions*, filed on July 28, 2008, expressly alleged "that Tellabs **commits contributory infringement and induces infringement of the asserted claims by others, including the customers of Tellabs who purchase, install and/or use the Accused Instrumentalities**." [40] (Emphasis added.) The *2008 Infringement Contentions* also repeated Fujitsu's doctrine of equivalents infringement allegation, and identified the group of elements in the accused Tellabs equipment accused of literal infringement, from which group the elements accused of doctrine of equivalents infringement would have to be drawn.

- Fujitsu's *2009 Amended Complaint* served June 12, 2009 in the Texas Action requested relief because the patents-in-suit were "infringed, either directly, **contributorily, and/or by inducement**, either literally and/or under the **doctrine of equivalents**, by Defendants…" [41] (Emphasis added.)

- Fujitsu's *2009 Infringement Contentions* further advised Tellabs that Fujitsu was asserting indirect infringement (contributory and inducement) and infringement

---

[37] *Id.*

[38] Dkt. 1 at 8.

[39] Additionally, Texas case law in 2008 supported a short and plain statement of a cause of action and did not require each theory of infringement to be pleaded specifically. *See, for example, PA Advisors, LLC v. Google, Inc.*, 2008 U.S. Dist. LEXIS 71285 (E.D. Tex. 2008) at *17-18.

[40] Exhibit "L", at 7.

[41] Dkt. 91 at 8.

under the doctrine of equivalents. With regard to doctrine of equivalents infringement, Fujitsu's *2009 Infringement Contentions* again identified the group of elements in the accused Tellabs equipment accused of literal infringement, from which group the elements accused of doctrine of equivalents infringement would have to be drawn.

The demonstrated record does not support Tellabs' objections to Fujitsu's Amended Complaint and supplemental infringement contentions.

## II.      FUJITSU AMENDED COMPLAINT CONTAINS ALLEGATIONS WHICH TELLABS HAS BEEN OF AWARE FOR YEARS

Fujitsu's amended complaint should stand. Tellabs will suffer no prejudice from this pleading, Fujitsu did not unduly delay in seeking the amendment, and the pleading has merit. For purposes of evaluating the propriety of Fujitsu's Amended Complaint, the Court should "look to the law of the regional circuit." *Datascope Corp. v. SMEC, Inc.*, 962 F.2d 1043, 1045 (D.N.J. 1992). Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleadings after a responsive pleading has been served with leave of court. *Campania Management Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002). This rule "reflects a liberal attitude towards the amendment of pleadings." *Id*. Courts in their sound discretion may deny a proposed amendment "if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Id*. at 848. Since none of these elements are present, this Court should accept Fujitsu's Amended Complaint.

### A.     Tellabs Is Not Prejudiced By Fujitsu's Amended Complaint

Tellabs suffers no prejudice at all from Fujitsu's Amended Complaint.  As described above, Tellabs cannot claim prejudice or surprise over theories of indirect infringement or infringement under the doctrine of equivalents that Fujitsu first asserted three years ago.

Fujitsu's *Original Complaint*, *2009 Amended Complaint*, *2008 Infringement Contentions* and *2009 Infringement Contentions* all provided notice that Fujitsu was pursuing indirect as well as direct infringement against Tellabs.[42]  In this regard, both the *2008* and *2009 Infringement Contentions* were sufficiently explicit to pass muster under the Local Patent Rules of this Court, which require: "for each claim that is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement."  N.D.Ill.  L.P.R. 2.2.  The *2008* and *2009 Infringement Contentions* even specify the class of direct infringers (Tellabs' customers), Tellabs' acts of inducement (instructing customers to operate its products in an infringing manner), and Tellabs' acts of contributory infringement (supplying components for use in an infringing device or method).  And doctrine of equivalents infringement has been a part of this action from the time Fujitsu filed its *Original Complaint* in Texas in January 2008, alleging that Tellabs infringes under the doctrine – an allegation repeated in the *2008 Infringement Contentions*, the *2009 Amended Complaint* and the *2009 Infringement Contentions*.

The majority of fact discovery specifically relevant to gathering evidence of indirect infringement and doctrine of equivalents infringement is currently in process.

An essential element of indirect infringement – both contributory and by inducement – is proof of direct infringement.  Here, the alleged direct infringers are Tellabs' customers who have been instructed to operate the Tellabs products in an infringing manner and/or who have

---

[42]  *See*, Dkt. 1, at 8; Dkt. 91 at ¶ 16; Exhibit A, at p. 90-201 of A-1; Dkt. 9, at 8.

purchased contributorily infringing components for use in a system or method that infringes Fujitsu's patents. The customers will provide information on what instructions and product support supplied by Tellabs, how the products were configured, and other operational details that will be integral to Fujitsu's indirect (contributory and induced) infringement analysis.

Doctrine of equivalents infringement requires a showing that an accused structure or method step alleged to be equivalent to a claimed structure or method step performs substantially the same function in substantially the same way to achieve the same result as the claimed structure or step. Here, in-depth knowledge of how the relevant structures and steps in the Tellabs systems accused of infringing Fujitsu's patents are configured and operate is possessed by the third-party vendors who manufacture the modules used in the Tellabs systems. These third-party vendors understand the details of the Tellabs modules and their optical and electrical characteristics. Testimony from the vendors will supply the evidence necessary for Fujitsu to establish doctrine of equivalents infringement in the alternative, if literal infringement by the accused Tellabs systems for any reason is in doubt.

As noted above, discovery of facts relevant to indirect infringement and doctrine of equivalents infringement is currently underway. Dates for deposing Tellabs customers and third-party vendors are now being set, with the majority of depositions now expected to be completed in the next ten weeks. Tellabs will participate in these depositions and will have every opportunity to explore and investigate its potential defenses with the customer and third-party vendor witnesses.

Moreover, the Tellabs products Fujitsu accuses of infringement are already of necessity in the hands of Tellabs. Tellabs also has institutional knowledge about how it instructs its customers to use its products, how it provides technical support to its customers, and how its

products are integrated as component parts into other potentially infringing systems. Tellabs is already positioned to understand how Fujitsu has to formulate its proof of indirect and doctrine of equivalents infringement.

Of equal if not greater significance, there is no *Markman* ruling in this action yet. Additional supplementation of infringement contentions for both parties following the Court's *Markman* Order is highly likely. The *Markman* Order and subsequent expert analysis of the Court's claim constructions will weigh heavily on Fujitsu's final infringement contentions with respect to indirect infringement and infringement under the doctrine of equivalents. Technical experts will play the key role in fleshing out indirect and doctrine of equivalents infringement contentions for both parties in the wake of the Court's *Markman* Order. Expert reports, which depend on the Court's claim constructions, have not yet been exchanged. Tellabs will thus have more than adequate opportunity to discover and study the indirect and doctrine of equivalents opinions of Fujitsu's technical experts, formulate expert rebuttal reports, and prepare to defend against the substance of Fujitsu's indirect infringement and doctrine of equivalents infringement allegations.

Inasmuch as there is no prejudice to Tellabs, Fujitsu's Amended Complaint should be permitted to assert allegations and of indirect infringement and doctrine of equivalence infringement, in conformance with allegations that have been known to the parties for years.

### B.   Fujitsu Has Not Acted In Bad Faith Or Unduly Delayed The Filing of this Motion

The time it has taken for Fujitsu to file its Amended Complaint was not due to bad faith or undue delay on Fujitsu's part. All pending motions from the Texas Action, including Fujitsu's motions to amend the complaint and infringement contentions to expand on claims of indirect infringement, were denied without prejudice by Judge Davis, and were to be decided by

Judge Holderman. After the transfer, the pending motions were discussed on multiple occasions between July and September 2009, all of which resulted in no further briefing or ruling on Fujitsu's June 12, 2009 motion for leave to amend. No deadline was ever set for Fujitsu to file an amended complaint,[43] and from early to late 2010 the parties were consumed with preparation of *Markman* briefs, a technical tutorial, and the *Markman* hearing itself. Fujitsu's motion for leave to file the Amended Complaint arose primarily in response to a recent case from the Central District of California that raised the question of whether it was necessary to plead the elements of induced infringement with specificity. *See*, *Sony Corp. v. LG Electronics U.S.A., Inc.*, 2011 U.S. Dist. LEXIS 52481 (April 18, 2011). The delay in ruling on pending motions from the Texas action was not due to any bad faith by Fujitsu.

### C.     Fujitsu's Amended Complaint Is Meritorious

Fujitsu's Amended Complaint is meritorious. Tellabs does not contend otherwise, nor can it. Fujitsu has set forth its theories of direct infringement by Tellabs and its customers, and of contributory and induced infringement by Tellabs.[44] Those detail, in part, that Tellabs directly infringes Fujitsu's patents by practicing the claims of the asserted patents through its use, assembly and testing of one or more accused optical systems, and through installation procedures performed, *e.g.*, by its field service engineers or test systems engineers for one or more of the accused systems. When third parties, including customers of Tellabs, use and operate the accused Tellabs systems, they also directly infringe one or more of the asserted method claims, making Tellabs a contributory infringer through manufacturer, offer for sale, and/or sale of infringing components of the accused systems that are material and have no substantial non-infringing uses. Despite having specific knowledge of Fujitsu's patents, Tellabs continues to

---

[43]     Ex. F.
[44]     *See, e.g.*, Fujitsu's amended infringement contentions filed June 16, 2011, Exhibits A-1 at pp. 2-5; B-1 at pp. 2-3; and C-1 at pp. 2-3.

induce acts of infringement by its customers through, *inter alia*, its instruction manuals, training sessions, system specifications, support documentation, and, for at least the '418 patent, public advertising of the accused systems' compliance with an industry standard that requires the performance of one or more steps of the asserted method claims in the '418 patent.  Tellabs' documentation shows Tellabs' clear expression and other affirmative steps taken to foster and induce infringement by its customers.   Fujitsu has similarly spelled out Tellabs infringement under the doctrine of equivalents.[45]  While Tellabs may try to contest Fujitsu's infringement showings, Tellabs cannot legitimately dispute that the allegations in Fujitsu's Amended Complaint, if proved, state valid causes of action.

### III.    FUJITSU'S SUPPLEMENTAL INFRINGEMENT CONTENTIONS ARE PROPER

For purposes of evaluating the propriety of Fujitsu's supplemental infringement contentions, the Court must look to the rules of the Northern District of Illinois.  To the extent Tellabs is trying to argue that Fujitsu cannot amend its infringement contentions unless Fujitsu satisfies the requirements of the rules for amending infringement contentions in the Eastern District of Texas, Tellabs is mistaken.  Whatever guidelines the Eastern District of Texas sets forth for its litigants are not germane to the issues in front of this Court. .

### A.     Fujitsu's Supplementation Of Its Infringement Contentions Is Proper

Illinois Local Patent Rule 3.4 allows a party to amend its **Final** Infringement Contentions by order of the Court upon a showing of good cause and in the absence of unfair prejudice to opposing parties.  Fujitsu's infringement contentions here at issue are not Final Infringement Contentions, they are supplements to Fujitsu's preliminary infringement contentions.  The Court's *Markman* Order, exchange of expert reports on infringement, and expert discovery must all precede finalization of Fujitsu's infringement contentions.   Nevertheless, Fujitsu's

---

[45]    *See, e.g.*, Fujitsu's amended infringement contentions filed June 16, 2011, Exhibits A-1 at pp. 2-5; B-1 at pp. 2-3; and C-1 at pp. 2-3.

supplemental infringement contentions meet even the heightened standard to amend Final Infringement Contentions. (*See*, Section II.A., at pp. 13-14, *supra*.)

With particular respect to Fujitsu's doctrine of equivalents infringement, Fujitsu's *Original Complaint* and Fujitsu's *2009 Amended Complaint* requested relief based on Tellabs' infringement under the doctrine of equivalents.[46] Fujitsu, in response to the Court's order and to comply with the Local Patent Rules, prepared and served supplemental infringement contentions on June 16, 2011.

As with Fujitsu's Amended Complaint, Tellabs will suffer no prejudice from Fujitsu's supplemental infringement contentions. Fujitsu has explained above that fact discovery over the next several months, including depositions of third-party vendors, as well as the Court's *Markman* ruling and expert discovery, will drastically impact Fujitsu's doctrine of equivalents contentions, and Tellabs' defenses thereto. (*See*, Section II.A., pp. 14-15, *supra*.) Tellabs will have ample opportunity to pursue whatever discovery it sees fit to support its defenses.

Further good cause exists for entry of Fujitsu's supplemental infringement contentions. Far from raising a new theory of infringement, Fujitsu's supplemental infringement contentions lay out Fujitsu's current bases for alleging that Tellabs infringes under the doctrine of equivalents which was first asserted in Fujitsu's *Original Complaint* filed in 2008..

## B. Cases Cited By Tellabs In Attacking Fujitsu's Supplemental Infringement Contentions Are Distinguishable

In now opposing Fujitsu's supplemental infringement contentions, Tellabs cites to two California cases, *Genetech, Inc. v. Amgen, Inc.* and *O2 Micro Int'l Ltd v. Mono-Lithic Power Systems, Inc.* These cases are distinguishable. Both interpret local California rules requiring early, explicit disclosure of doctrine of equivalents allegations.

---

[46]  Dkt. 1 at 8.

In *Genetech*, the Federal Circuit upheld a ruling from the U.S. District Court for the Northern District of California barring the patent holder from proceeding on a theory of infringement under the doctrine of equivalents because the patent holder failed to include that theory in a claim chart required under California Local Rule 16-9, and instead attempted to plead doctrine of equivalents infringement after the *Markman* Order issued in the case. *Genetech, Inc. v. Amgen, Inc.*, 289 F.3d 761, 773-774 (Fed.Cir. 2002).

In *O2 Micro Int'l Ltd.,* the Federal Circuit affirmed a ruling by the U.S. District Court for the Northern District of California denying the patent holder leave to amend its infringement contentions to assert an entirely new infringement theory. 467 F.3d 1355, 1359 (Fed.Cir. 2006). *Id.* at 1361. The *O2* patent holder waited until three months after it obtained evidence supporting the new infringement theory before asserting the theory. The Federal Circuit found no abuse of discretion in the District Court's conclusion that the patent holder's delay prejudiced the defendant because the defendant did not have an opportunity to address the patent holder's amended contentions in its expert report and would need additional discovery to do so. *Id.* at 1361-62

The facts in *Genetech* and *O2 Micro* are different from those in the present case. Here, Fujitsu is not attempting to assert a new theory of infringement for the first time after *Markman* and expert disclosures. Tellabs has known for years that that Fujitsu is asserting doctrine of equivalents infringement. Fujitsu's supplemental infringement contentions, served a month ago, provide details of Fujitsu's doctrine of equivalents allegations. The Court's *Markman* order has yet to issue, expert reports have not been prepared or exchanged, and ample time for fact and expert discovery into Fujitsu's doctrine of equivalents allegations remain. No prejudice will come to Tellabs from Fujitsu's supplemental infringement contentions.

Tellabs' continued attack on the propriety of Fujitsu's supplemental infringement contentions, despite indisputable evidence that Tellabs will have sufficient opportunity to defend itself against doctrine of equivalents infringement, invokes the proverbial cliché of the pot calling the kettle black. Tellabs' own allegation regarding Fujitsu's purported infringement of Tellabs '772 patent under the doctrine of equivalents simply states:

> Tellabs reserves the right to assert infringement under the doctrine of equivalents for any limitation of the '772 Patent that Fujitsu Limited and/or Fujitsu Network Communications, Inc. contends is not literally present in the Accused Instrumentalities. Tellabs further reserves the right to assert infringement under the doctrine of equivalents based on a claim construction ruling on any disputed claim terms and/or based on further information that may become available.[47]

If Tellabs considers its own allegation adequate, Fujitsu's doctrine of equivalents allegation has been equally adequate – since 2008. Fujitsu's supplemental infringement contentions merely enhance Tellabs' ability to prepare its doctrine of equivalents defense.

## CONCLUSION

WHEREFORE, Fujitsu respectfully requests that this Court deny Tellabs' oral motion to disallow Fujitsu's Amended Complaint and supplemental infringement contentions.

Dated: July 12, 2011                              Respectfully submitted,


                                                   s/ David C. Van Dyke
                                                  David C. Van Dyke
                                                  Trisha K. Tesmer
                                                  Cassiday Schade LLP
                                                  20 N. Wacker Drive, Suite 1000
                                                  Chicago, IL 60606
                                                  Telephone: (312) 641-3100
                                                  Facsimile: (312) 444-1669
                                                  Email: dvandyke@cassiday.com
                                                  Email: tkt@cassiday.com

---

[47] Tellabs' Second Supplemental Infringement Contentions, served 7-2-10.

James C. Brooks
Orrick, Herrington & Sutcliffe, LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017-5855
Telephone: (213) 629-2020
Facsimile: (213) 612-2499
Email:  jbrooks@orrick.com

Mark P. Wine
Orrick, Herrington & Sutcliffe, LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614
Telephone: (949) 567-6700
Facsimile: (949) 567-6710
Email:  mwine@orrick.com

David E. Wang
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401
Email:  dwang@orrick.com

*Attorneys for*  **FUJITSU LIMITED** *and* **FUJITSU NETWORK COMMUNICATIONS, INC.**

7517183