# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4530 | **DATE** | 9/29/2011 |
| **CASE TITLE** | Fujitsu Limited vs. Tellabs Operations, Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of this order, Fujitsu Limited's "Motion for Leave to File First Amended Complaint" [318] is denied, and Tellabs Operations, Inc., Tellabs, Inc., and Tellabs North America, Inc.'s oral motion to disallow the filing of Fujitsu's First Amended Complaint and Fujitsu's supplemental infringement contentions [327] is granted. The court's May 12, 2011 Minute Order is corrected to read: "Fujitsu Limited's motion for leave to file first amended complaint against Tellabs Operations, Inc., Tellabs, Inc., and Tellabs North America, Inc. [318] is entered and continued." A status is set for October 20, 2011 at 9:00 AM, to set further dates.

■[ For further details see text below.]    Notices mailed.

## STATEMENT

On May 6, 2011, Fujitsu Limited ("Fujitsu") filed its "Motion for Leave to File First Amended Complaint" ("2011 Amended Complaint") (Dkt. No. 318). At the May 12, 2011 hearing on this motion, Tellabs Operations, Inc., Tellabs, Inc., and Tellabs North America, Inc. (collectively "Tellabs") objected to allowing Fujitsu file the 2011 Amended Complaint. The court instructed Fujitsu to provide Tellabs with supplemental contention interrogatories related to the allegations in the proposed 2011 Amended Complaint and entered and continued Fujitsu's motion, setting a status for June 21, 2011. (5/12/11 Tr. 3:22-5:15 (attached as Ex. H to Dkt. No. 344 ("Fujitsu's Resp.")).)[1] At the June 21, 2011 hearing, Tellabs reported that Fujitsu has served over 400 pages of updated infringement contentions ("2011 Infringement Contentions"), and Tellabs made an oral motion to disallow the filing of Fujitsu's 2011 Amended Complaint and Fujitsu's 2011 Infringement Contentions (*see* Dkt. No. 327; 6/21/11 Tr. 4:21-23; 17:8-14 (attached as Ex. I to Fujitsu's Resp.)).[2] For the reasons explained below, Fujitsu's motion (Dkt. No. 318) is denied and Tellabs's oral motion (Dkt. No. 327) is granted. Familiarity with the procedural history of this case is assumed.

---

[1] The court notes that its May 12, 2011 Minute Order (Dkt. No. 322) originally stated incorrectly that Fujitsu's motion had been granted. Concurrent with this order, the court has corrected that May 12, 2011 Minute Order to read: "Fujitsu Limited's motion for leave to file first amended complaint against Tellabs Operations, Inc., Tellabs, Inc., and Tellabs North America, Inc. [318] is entered and continued."

[2] In its reply brief, Tellabs describes its oral motion as an "Oral Motion to Disallow Fujitsu Limited's Amendment of Its Infringement Contentions," and its arguments focus on Fujitsu's amendments in the 2011 Infringement Contentions. (*See* Case No. 09-4530, Dkt. No. 366 ("Tellabs's Reply").) Based on Tellabs's statements to the court, both in court and in Tellabs's reply, the court interprets Tellabs's oral motion and its reply brief as applying both to Fujitsu's proposed 2011 Amended Complaint and 2011 Infringement Contentions. Despite Fujitsu's arguments to the contrary, this court does not find that Tellabs has implicitly conceded that Fujitsu's 2011 Amended Complaint is proper.

Under Federal Rule of Civil Procedure 15(a)(2)[3] after the time for amending a pleading as a matter of

**STATEMENT**

course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In the Federal Circuit, a motion to amend a pleading "is a procedural matter . . . governed by the law of the regional circuit." *Pressure Prods. Med. Supplies v. Greatbatch Ltd.*, 599 F.3d 1308, 1315 (Fed. Cir. 2010). The Seventh Circuit has explained that "[a]lthough the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Campania Mgmt. Co. v. Rooks Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002)).

Regarding the amendments in Fujitsu's 2011 Infringement Contentions, the parties dispute which court's local patent rules apply and whether Fujitsu is seeking to amend its "Final Infringement Contentions" as opposed to only its preliminary contentions. Fujitsu served its original infringement contentions ("2008 Infringement Contentions") on Tellabs in July 2008 while this case was pending before Judge Davis in the U.S. District Court for the Eastern District of Texas. Under that court's local patent rules, "[e]ach party's 'Infringement Contentions' . . . shall be deemed to be that party's final contentions" with the exception of amendments based in good faith on the court's claim construction ruling. E.D. Tex. P.R. 3-6(a). A party cannot amend or supplement its final infringement contentions except "by order of the Court, which shall be entered only upon a showing of good cause." E.D. Tex. P.R. 3-6(b). Thus, at the time Fujitsu served its original infringement contentions with Tellabs, Fujitsu was operating under the assumption that those contentions were its final contentions, subject to the limited exceptions of Rule 3-6(a). The court accordingly treats Fujitsu's 2008 Infringement Contentions as Final Infringement Contentions.[4]

To determine whether an amendment of those 2008 Infringement Contentions is appropriate, the court applies the Northern District of Illinois's local patent rules, which are now the controlling local patent rules for this case as it proceeds forward. Under Local Patent Rule 3.4, "A party may amend its Final Infringement Contentions . . . only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the amendment." N.D. Ill. L.P.R. 3.4.[FN] Federal Circuit law governs interpretation of local patent rules affecting the amendment of infringement contentions. *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006). According to the Federal Circuit, "'good cause' requires a showing of diligence." *Id.* at 1366.

Having set forth the relevant legal standards, the court now addresses whether Fujitsu's proposed amendments to its Original Complaint and its 2008 Infringement Contentions are proper. Unfortunately, Fujitsu has not clearly identified for the court how the allegations in its Original Complaint and its 2008 Infringement Contentions differ from the amendments it now seeks to make via its 2011 Amended Complaint and 2011 Infringement Contentions.

---

[3] Because this court never set a date for amending the pleadings, it applies Rule 15(a)(2) as opposed Rule 16(b)(4), which has a heightened "good cause" standard. *See Alioto v. Town of Lisbon*, Case No. 09-3921, 2011 U.S. App. LEXIS 13841, at *9-11 (7th Cir. July 7, 2011).

[4] The court notes that even under this court's local patent rules, Fujitsu's 2008 Infringement Contentions effectively became its Final Infringement Contentions. In the Northern District of Illinois, Initial Infringement Contentions are due fourteen days after the initial disclosures, N.D. Ill. L.P.R. 2.2; Final Infringement Contentions are due twenty-one weeks after services of Initial Infringement Contentions, N.D. Ill. L.P.R. 3.1. The deadline for serving Final Infringement Contentions, therefore, passed long before Fujitsu served its 2011 Infringement Contentions in June 2011.

From what the court can discern from Fujitsu's response, Fujitsu identified at least some of the

**STATEMENT**

current amendments while this case was pending before Judge Davis in the Eastern District of Texas. Specifically, on June 12, 2009, Fujitsu sought leave to file a First Amended Complaint ("2009 Amended Complaint") (Case No. 09-4530, Dkt. No.90) and amend its infringement contentions ("2009 Infringement Contentions") (Case No. 09-4530, Dkt. 89), which, according to Fujitsu's representations to this court, contain the same "infringement theories here at issue." (Fujitsu's Resp. 2.)[5] These amendments apparently add certain accused products that previously were not identified in either the Original Complaint or the 2008 Infringement Contentions, amend the asserted claims of the '418 Patent to include claims 2-5, and further expound on Fujitsu's doctrine of equivalents and indirect (i.e, contributory and induced) infringement theories which Fujitsu first identified in the Original Complaint and 2008 Infringement Contentions.

On July 21, 2009, Judge Davis denied Fujitsu's motions to amend without prejudice based on the transfer of this action to the Northern District of Illinois (*see* Case No. 09-4530, Dkt. No. 118), and Fujitsu never renewed its motions for leave to amend the Original Complaint and the 2008 Infringement Contentions before this court. Instead, it waited until May 6, 2011–nearly two years after it originally sought to make these amendments–to seek leave to make these amendments. Fujitsu offers no explanation for this delay other than to state that "[n]o deadline was ever set for Fujitsu to file an amended complaint, and from early to late 2010 the parties were consumed with preparation of *Markman* briefs, a technical tutorial, and the *Markman* hearing itself." (Fujitsu's Resp. 13.)

Thus, to the extent that Fujitsu seeks to amend its Original Complaint and 2008 Infringement Contentions to add allegations and contentions that were previously contained in its 2009 Amended Complaint and 2009 Infringement Contentions, Fujitsu's motion is denied. Fujitsu's delay in seeking leave to make these amendments is unjustified. Fujitsu possessed the information contained in these amendments as early as June 2009 and had already drafted the amendments. To suggest that Fujitsu's counsel was so busy with the other issues in this case that it required almost two years to prepare a motion for leave to file the amended complaint and amended infringement contentions is unfounded.

Although such an extensive and factually unexplained delay, by itself, likely would warrant denying Fujitsu's motion, *see Soltys*, 520 F.3d at 743 ("Delay on its own is usually not reason enough for a court to deny a motion to amend. But the longer the delay, the greater the presumption against granting leave to amend."), the court also finds that Tellabs would be severely prejudiced by allowing Fujitsu to now pursue these infringement theories at this late date. The parties have been actively engaged in discovery, including document production and depositions. The identification of new accused products that previously were not at issue in this case creates the very likely possibility that Tellabs will have to once again perform extensive (and costly) searches and reviews of electronically stored information and re-depose witnesses, all of which could have been handled more cost-effectively by Fujitsu's counsel adding the new infringement theories had been added to this action when the case was transferred to this court in 2009 as opposed to nearly two years later.

---

[5] The substance of these alleged 2009 Infringement Contentions is also unclear from the current record. Fujitsu indicates that the 2009 Infringement Contentions are attached to its Response as Exhibit A. (*See* Fujitsu's Resp. 3.) Exhibit A is titled "Fujitsu Limited's Second Amended Disclosure of Asserted Claims and Infringement Contentions" and consists of over 800 pages of contentions. Tellabs, however, states that "there were no '2009 Infringement Contentions.'" (Tellabs's Reply 7.) Assuming that the document attached as Exhibit A accurately reflects the "2009 Infringement Contentions" served on Tellabs in June 2009, Fujitsu also has not informed the court how its 2009 Infringement Contentions differ from its current 2011 Infringement Contentions.

**STATEMENT**

Moreover, for over the past two years, Tellabs has been proceeding with this litigation under the premise that certain products and patent claims were not at issue and presumably has developed its non-infringement and claim construction positions based on this underlying premise. The *Markman* phase of this litigation has now concluded, with the court issuing its claim construction opinion concurrently with this order. Introducing additional Tellabs products and infringement theories into the litigation at this late stage, after Tellabs has committed to its claim construction positions, would be highly prejudicial.

Fujitsu's contention that Tellabs's will not be prejudiced because Tellabs has had notice of these potential amendments since 2009 is not well-taken. Fujitsu dedicates a substantial portion of its arguments to this court outlining when Tellabs received notice of these potential amendments to Fujitsu's Original Complaint and its 2008 Infringement Contentions. Fujitsu, however, never took the requisite step of seeking the court's leave to amend the Original Complaint or its 2008 Infringement Contentions. That Tellabs had notice that Fujitsu ultimately could seek to make these amendments and include new infringement theories does not excuse Fujitsu's delay nor does it ameliorate the prejudice to Tellabs, particularly where as here, Fujitsu's extensive and ever-continuing delay in pursuing these theories raised a substantial likelihood that Fujitsu's request for leave to amend would be denied.

To the extent that Fujitsu's current amendments involve new allegations or contentions that previously were not included in Fujitsu's 2009 Amended Complaint and 2009 Infringement Contentions, Fujitsu has neither identified the substance of such amendments nor has it adequately justified the delay in seeking leave to make these amendments. Under both the standards for amending pleadings and amending Final Infringement Contentions, amendments are not proper when a party has unduly delayed in moving to amend. Additionally, as discussed above, the court finds that Tellabs would be prejudiced by allowed such amendments at this stage in the proceedings. Based on the evidence currently before the court, Fujitsu's motion with respect to any amendments not previously contained in the 2009 Amended Complaint and 2009 Infringement Contentions also is denied.

For the reasons set forth above, Fujitsu's motion is denied and Tellabs's oral motion is granted. Fujitsu's Original Complaint remains the operative complaint in this case, and Fujitsu's 2008 Infringement Contentions are Fujitsu's Final Infringement Contentions. The court, however, recognizes that both its *Markman* order and the on-going discovery in this case may warrant amendment to either Fujitsu's Final Infringement Contentions or its Original Complaint. If this situation arises, Fujitsu may seek leave of the court to amend, assuming that it can do so consistent with the Federal Rules, Local Patent Rule 3.4, and this order. The court emphasizes that should Fujitsu seek leave to amend its Final Infringement Contentions, Fujitsu must specifically identify for the court the substance of the amendment in addition to making the requisite "showing of good cause and absence of unfair prejudice" to Tellabs, as required by Local Patent Rule 3.4. Additionally, Fujitsu must describe how its amendment is "made *promptly* upon discovery of the basis for the amendment." N.D. Ill. L.P.R. 3.4 (emphasis added).

*James F. Holderman*