IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FUJITSU LIMITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TELLABS OPERATIONS, INC. and ) | |
| TELLABS, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| TELLABS OPERATIONS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Nos. 08 C 3379 & 09 C 4530 |
| v. ) | |
| ) | Consolidated for Discovery |
| FUJITSU LIMITED and FUJITSU ) | |
| NETWORK COMMUNICATIONS, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| FUJITSU LIMITED, ) | |
| ) | |
| Counter Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| TELLABS OPERATIONS, INC., ) | |
| TELLABS, INC., and TELLABS NORTH ) | |
| AMERICA, INC., ) | |
| ) | |
| Counter Defendants. ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Pending before the court is Fujitsu Limited's and Fujitsu Network Communication, Inc.'s

"Motion to Strike Portions of Tellabs' Expert Reports Regarding U.S. Patent No. 7,227,681."

(Case No. 09-4530, Dkt. No. 650.)  For the reasons set forth in the analysis that follows, Fujitsu's motion is denied.

PROCEDURAL HISTORY

On June 11, 2008, Tellabs Operations, Inc. filed suit against Fujitsu Limited and Fujitsu Network Communications, Inc. in the United States District Court for the Northern District of Illinois, alleging infringement of U.S. Patent No. 7,369,772 ("'772 Patent").  (Case No. 08-3379 (the "Illinois Action").)

On September 5, 2008, Fujitsu Limited and Fujitsu Network Communications, Inc. (together "Fujitsu") filed its answers, affirmative defenses, and counterclaims.  (Case No. 08-3379, Dkt. Nos. 59, 61.)  Fujitsu Limited alleged in its counterclaims that Tellabs Operations, Inc., Tellabs, Inc., and Tellabs North America (collectively "Tellabs") infringed two patents assigned to Fujitsu: U.S. Patent Nos. 7,227,681 ("'681 Patent") and 5,533,006 ("'006 Patent"). (Case No. 08-3379, Dkt. No. 61.)  Fujitsu thereafter filed its amended answers, affirmative defenses, and counterclaims on April 1, 2009.  (Case No. 08-3379, Dkt. Nos. 119, 120.)  On April 2, 2009, Tellabs filed its amended answer to Fujitsu's counterclaims, along with its own counterclaims against Fujitsu.  (Case No. 08-3379, Dkt. Nos. 121, 122.)

At an early scheduling conference on October 21, 2008, the court ordered "[b]oth sides to provide infringement contentions no later than 11/4/2008."  (Case No. 08-3379, Dkt. No. 81 ("10/21/08 Order").)  At the same status hearing, the court ordered all invalidity contentions to be filed by February 27, 2009.  (*See* Case No. 08-3379, Dkt. No. 83 ("10/21/08 Tr.") at 12:8-13:3.)  No deadlines were set by the court for non-infringement contentions or unenforceability contentions.  It is undisputed that Fujitsu and Tellabs both served their infringement contentions

2

on November 4, 2008, as ordered by the court. Tellabs also served Fujitsu with its invalidity contentions on February 27, 2009.

On July 29, 2009, the Illinois Action was consolidated with case number 09 C 4530, *Fujitsu Limited v. Tellabs Operations, Inc.* (the "Texas Action"), for purposes of discovery. (*See* Case No. 08 C 3379, Dkt. No. 202.) The Texas Action, which involves three additional patents, was filed on January 29, 2008, in the Eastern District of Texas and was transferred to the Northern District of Illinois on July 29, 2009. Fujitsu served its infringement contentions in the Texas Action on Tellabs in July 2008, while the case was pending before Judge Davis in the U.S. District Court for the Eastern Division of Texas.

Approximately two months after the cases were consolidated, on October 1, 2009, the Northern District of Illinois's Local Patent Rules went into effect. The Northern District of Illinois's Local Patent Rules provide specific deadlines for the filing of initial infringement contentions, non-infringement contentions, unenforceability contentions, and invalidity contentions, as well as final versions of these contentions:

> A party claiming patent infringement must serve on all parties "Initial Infringement Contentions" . . . within fourteen (14) days after the Initial Disclosure under LPR 2.1. (N.D. Ill. L.P.R. 2.2.)
>
> Each party opposing a claim of patent infringement or asserting invalidity or unenforceability shall serve upon all parties its "Initial Non-Infringement, Unenforceability and Invalidity Contentions" within fourteen (14) days after service of the Initial Infringement Contentions. (N.D. Ill. L.P.R. 2.3.)
>
> Within fourteen (14) days after service of the Initial Non-Infringement and Invalidity Contentions under LPR 2.3, each party claiming patent infringement shall serve upon all parties its "Initial Response to Invalidity Contentions." (N.D. Ill. L.P.R. 2.5)
>
> A party claiming patent infringement must serve on all parties "Final Infringement Contentions" . . . within twenty-one (21) weeks after the due date for service of Initial Infringement Contentions. Each party asserting invalidity or unenforceability

> of a patent claim shall serve on all other parties, at the same time that the Final Infringement Contentions are served, "Final Unenforceability and Invalidity Contentions" . . . . (N.D. Ill. L.P.R. 3.1)
>
> Each party asserting non-infringement of a patent claim shall serve on all other parties "Final Non-infringement Contentions" within twenty-eight (28) days after service of the Final Infringement Contentions . . . . Each party asserting patent infringement shall serve, at the same time the "Final Non-Infringement Contentions" are served, Final Contentions in Response to any "Final Unenforceability and Invalidity Contentions." (N.D. Ill. L.P.R. 3.2)

Local Patent Rule 1.1 explains that "[t]he Court may apply all or part of the LPR to any [patent] case already pending on the effective date of the LPR" and "[t]he Court may modify the obligations and deadlines of the LPR based on the circumstances of any particular case." (N.D. Ill. L.P.R. 1.1.) At the time the Local Patent Rules went into effect, however, neither party asked the court to apply any of the above-cited deadlines in either the Illinois Action or the Texas Action. (*See* Case No. 09-4530, Dkt. No. 680 ("Tellabs's Resp.") at 8 ("neither side reacted to [the Local Patent Rules'] adoption by ever serving contentions not previously ordered by the Court").) In fact, the court never scheduled any dates for non-infringement contentions or unenforceability contentions in the Illinois Action, nor did the court distinguish between "initial" contentions and "final" contentions.

Approximately one and one-half years later, on May 6, 2011, Fujitsu sought leave to file a First Amended Complaint in the Texas Action, as well as amended infringement contentions. (Case No. 09-4530, Dkt. No. 318.) Applying the local patent rules for the Eastern District of Texas, the court determined that Fujitsu's infringement contentions, which were served on Tellabs in July 2008 as part of the Texas Action, had become "final" infringement contentions under E.D. Tex. P.R. 3-6(a). (Case No. 09-4530, Dkt. No. 377 ("9/29/2011 Order") at 2.) The court then applied the Northern District of Illinois's Local Patent Rule 3.4 to determine whether

4

Fujitsu should be permitted to amend its final infringement contentions. (*Id.* ("To determine whether an amendment of those 2008 Infringement Contentions is appropriate, the court applies the Northern District of Illinois's local patent rules, which are now the controlling local patent rules for this case as it proceeds forward.").) Finding that "Fujitsu's delay in seeking leave to make these amendments is unjustified" and that "Tellabs would be severely prejudiced by allowing Fujitsu to now pursue these infringement theories at this late date," the court denied Fujitsu leave to amend its final infringement contentions. (*Id.* at 3.)

On October 20, 2011, Fujitsu filed a "Motion to Set a Schedule to Serve Final Infringement Contentions and in the Alternative to File Amended Infringement Contentions." (Case No. 09-4530, Dkt. No. 397.) The court noted that "this motion is, in some respects, a motion to reconsider," and denied Fujitsu's motion for essentially the same reasons set forth in the court's September 29, 2011 order. (Case No. 09-4530, Dkt. No. 552 ("3/21/12 Order") at 2.) In so ruling, the court noted that "the '681 Patent that was part of the Illinois Action prior to consolidation of the two cases presents somewhat different circumstances [than the infringement contentions at issue in the Texas Action]." (*Id.* at 6.) The court went on to state,

> The court notes that although Fujitsu labeled its infringement contentions [in the Illinois Action] as preliminary, *see* Cheng Decl., ¶ 4, this court made no reference to the contentions being preliminary in its order requiring the filing of infringement contentions by Nov. 4, 2008. (Case No. 08-3379, Dkt. No. 81.) This district's Local Patent Rules, with their distinction between preliminary and final contentions, had not yet gone into effect, as they took effect on Oct. 1, 2009. *See generally* Judge Matthew F. Kennelly, Edward D. Manzo, *Northern District of Illinois Adopts Local Patent Rules*, 9 J. Marshall Rev. Intell. Prop. L. 202, 205 (2010).
>
> Fujitsu repeatedly contends in its briefing that until this court's Sept. 29, 2011, order it was not clear whether the Local Patent Rules applied to this case. If Fujitsu, however, had any doubts as to the applicability of the Northern District of Illinois' Local Patent Rules, or if Fujitsu was unsure as to when its infringement

contentions became final, it should have raised these issues well before now
(indeed, well prior to its attempt to amend its complaint in May 2011).

(*Id.* (footnote omitted).)

ANALYSIS

In its pending motion, Fujitsu asks the court to strike portions of Tellabs's expert reports that rely on "new unenforceability theories, new non-infringement arguments and new non-infringing alternative arguments that Tellabs [ ] failed to set forth in its contentions." (Fujitsu's Mot. at 1.) It is Fujitsu's position that, just as Fujitsu was barred from amending its final infringement contentions, Tellabs should be barred from asserting any non-infringement or unenforceability contentions that were not previously filed with the court in the Illinois Action. (*See* Case No. 09-4530, Dkt. No. 650 ("Fujitsu's Mot.") at 7 ("if the rules apply to Fujitsu, they should also apply to Tellabs").)

The court begins its analysis by rejecting Fujitsu's reading of the court's March 21, 2012 order. Fujitsu contends that the court "held that the Local Patent Rules . . . apply retroactively to Fujitsu and denied Fujitsu's motion." (*Id.*) That is incorrect. The court applied its own October 21, 2008 order in determining that Fujitsu's infringement contentions were final. In so doing, the court specifically noted that "[t]he district's Local Patent Rules, with their distinction between preliminary and final contentions, had not yet gone into effect." (3/21/12 Order at 6.) As the court made clear in its September 29, 2011 order, the Local Patent Rules "are now the controlling local patent rules for this case *as it proceeds forward*." (9/29/11 Order at 2 (emphasis added).) Accordingly, in both the September 29, 2011 order and the March 21, 2012 order the court applied Local Patent Rule 3.4 to determine whether amendment of Fujitsu's final infringement contentions was appropriate. (*Id.*; *see also* 3/21/12 Order at 4, 6.) The court did

6

not order that the schedule for serving contentions set forth in the Local Patent Rules should be applied retroactively to litigation that had already been underway for years. Such a result would be non-sensical.

In what amounts to perhaps unfortunate dicta, the court noted in its September 29, 2011 order that "even under this court's local patent rules, Fujitsu's 2008 Infringement Contentions effectively became its Final Infringement Contentions. In the Northern District of Illinois, Initial Infringement Contentions are due fourteen days after the initial disclosures, N.D. Ill. L.P.R. 2.2; Final Infringement Contentions are due twenty-one weeks after service[ ] of Initial Infringement Contentions, N.D. Ill. L.P.R. 3.1. The deadline for serving Final Infringement Contentions, therefore, passed long before Fujitsu served its 2011 Infringement Contentions in June 2011." (9/29/11 Order at 2, n.4.) In so noting, the court did not intend to suggest that it was in fact relying on the Northern District of Illinois's Local Patent Rules to determine the timeliness or finality of Fujitsu's infringement contentions. Rather, the court sought to distinguish the fact that *even if* it were to apply the Northern District of Illinois's Local Patent Rules to Fujitsu's infringement contentions—which the court did not do—Fujitsu 's infringement contentions would still have been deemed "final." In no event did the court retroactively apply the Northern District of Illinois's Local Patent Rules to Fujitsu's infringement contentions.

The court also rejects Fujitsu's request that the court apply the Local Patent Rules retroactively to Tellabs, thereby creating "deadlines" for Tellabs's initial and final contentions that had already come and gone by the time the Local Patent Rules went into effect. The court agrees with Tellabs that "[s]uch a scenario is patently ridiculous." (Case No. 09-4530, Dkt. No. 680 ("Tellabs's Resp.") at 3.)

It is undisputed that Tellabs never filed any non-infringement contentions or unenforceability contentions, final or otherwise, with the court. It is also undisputed that Tellabs was never ordered to file any non-infringement contentions or unenforceability contentions. The question before the court is whether Tellabs nevertheless should be permitted to assert its non-infringement contentions and unenforceability contentions at the upcoming trial of the '681 Patent claims.

1.   Unenforceability Contentions

As noted above, Tellabs has never filed any separate unenforceability contentions in the Illinois Action. Tellabs did, however, include three affirmative defenses in its April 2, 2009 amended answer that were based on "unenforceability of the '681 Patent" due to "inequitable conduct committed before the USPTO during the prosecution of the application that resulted in the '681 Patent." (*See generally* Case No. 08-3379, Dkt. No. 121 ("Tellabs's Am. Ans.") ¶¶ 65-108.) Specifically, in relevant part, Tellabs alleged that "Fujitsu's failure to disclose [the *Desurvire*] reference violates Fujitsu's duty of candor under 37 C.F.R. 1.56" and "Fujitsu had a duty of candor to disclose [the *Sugaya*] reference" and breached that duty under 37 C.F.R. § 1.56. (*Id.* ¶¶ 70-71, 84, 91.) Tellabs "reserve[d] the right to amend" its allegations of inequitable conduct, (*id.* ¶¶ 81, 94), but has not sought leave of the court to do so at this point in the litigation.

The court acknowledges that Tellabs was never ordered to file separate unenforceability contentions in the Illinois Action. Nevertheless, the court can find no principled reason that Tellabs's voluntarily-pleaded affirmative defense should not be considered to be Tellabs's "unenforceability contentions" in this case. Fujitsu argues that it has been prejudiced due to lack

8

of notice, insofar as Tellabs's affirmative defense did not put Fujitsu on notice of Tellabs's intention to assert unenforceability contentions against the '681 Patent. According to Fujitsu, "that type of notice was rejected by the Court when the Court denied Fujitsu's motion for leave to amend Fujitsu's Initial Infringement Contentions." (Fujitsu's Mot. at 7.) The court disagrees. In its September 29, 2011 order, the court noted that, despite various discovery disclosures:

> Fujitsu, however, never took the requisite step of seeking the court's leave to amend the Original Complaint or its 2008 Infringement Contentions. That Tellabs had notice that Fujitsu ultimately could seek to make these amendments and include new infringement theories does not excuse Fujitsu's delay nor does it ameliorate the prejudice to Tellabs, particularly where as here, Fujitsu's extensive and ever-continuing delay in pursuing these theories raised a substantial likelihood that Fujitsu's request for leave to amend would be denied.

(9/29/11 Order at 4.) Here, by contrast, Tellabs *did* include its unenforceability contentions in its pleadings before the court. Unless and until Tellabs disavowed its intention to rely on its unenforceability contentions, Fujitsu should have expected that Tellabs would assert this affirmative defense at trial.

It is undisputed that Tellabs's "Expert Report of Robert Stoll Regarding Inequitable Conduct During the Prosecution of U.S. Patent No. 7,227,681" (Dkt. No. 653-6 FILED UNDER SEAL ("Stoll '681 Report")), served on Fujitsu on March 23, 2012, includes Mr. Stoll's opinion that "various individuals prosecuting the '681 Patent committed inequitable conduct by not citing the *Desurvire* reference and *Sugaya* reference to the Patent Office." (Fujitsu's Mot. at 6 (citing Stoll '681 Report ¶¶ 51-62, 64-72.).) There is nothing "new" about Tellabs's position on this point, and the Stoll '681 Report is entirely consistent with the unenforceability contentions set forth in Tellabs's amended answer. In light of Tellabs's specific allegations of unenforceability, Fujitsu cannot now plausibly claim that it relied on Tellabs's failure to file

9

separate unenforceability contentions to its detriment in preparing to try the '681 Patent. The court therefore denies Fujitsu's motion to strike portions of the Stoll '681 Report.

2. <u>Non-Infringement Contentions</u>

As noted above, the court never ordered either Fujitsu or Tellabs to file non-infringement contentions in the Illinois Action. It is undisputed that Tellabs has not filed any separate non-infringement contentions with respect to the '681 Patent.

In its April 2, 2009 amended answer, Tellabs included an affirmative defense of "non-infringement," alleging that Tellabs "does not infringe and has not infringed, directly or indirectly, any valid claim of the '681 Patent, either literally or under the doctrine of equivalents, willfully or otherwise." (Tellabs's Am. Ans. ¶ 30.) Tellabs did not include any additional factual details regarding its defense of non-infringement.

On April 27, 2012, Tellabs served Fujitsu with the "Declaration of Dr. A. Bruce Buckman Regarding U.S. Patent No. 7,227,681" (Dkt. No. 653-1 FILED UNDER SEAL ("Buckman '681 Damages Declaration")) as well as the "Expert Report of James E. Malackowski" (Dkt. No. 653-7 FILED UNDER SEAL ("Tellabs Damages Report")). Three days later, on April 30, 2012, Tellabs served Fujitsu with the "Expert Report of Dr. A. Bruce Buckman Regarding Non-Infringement of Claims 1-16 of U.S. Patent No. 7,227,681" (Dkt. No. 653-4 FILED UNDER SEAL ("Buckman '681 Rebuttal Report")).

According to Fujitsu, the Buckman '681 Rebuttal Report set forth two non-infringement arguments "based on Tellabs' new claim construction arguments." (Fujitsu's Mot. at 8.) First, Dr. Buckman opined that "a controller which controls the gain to be approximately constant" ('681 Patent, Claims 1, 6, 9, 14) must continuously control the gain to be approximately

10

constant, and that a module adjusting to feedback every ten seconds to adjust the median power-per-channel "would generally not be recognized by a POSITA as 'control,' and certainly not real-time 'control.'" (Buckman '681 Rebuttal Report ¶ 60.) Under this construction, Dr. Buckman opined that Tellabs's accused amplifier would not infringe the '681 Patent. (*Id.* ¶ 63.)[1] Second, Dr. Buckman opined that, in light of the "active" language used in the '681 Patent claims, the claims of the '681 Patent cannot be infringed unless the optical amplifier is actually functioning. (*See, e.g.,* Buckman '681 Rebuttal Report ¶ 52 ("[W]ith respect to the LIAM-E, to meet this limitation, if it ever does, the transmitting terminal must be transmitting a WDM optical signal having a variable number of channels when Tellabs makes, uses, offers to sell, sells, or imports the LIAM-E.").)[2]

Fujitsu accuses Tellabs of "attempt[ing] to amend its contentions through the vehicle of its expert reports" after "recognizing that it would be too late to amend its contentions." (Fujitsu's Mot. at 6.)[3] Fujitsu further argues that, applying Local Patent Rule 3.4, Tellabs has not shown diligence in seeking to amend its non-infringement contentions, and that Fujitsu would be highly prejudiced by the introduction of Tellabs's "new" non-infringement contentions at this

---

[1] Dr. Buckman likewise concluded in his damages declaration that "Tellabs' approach of controlling the median power-per-channel appears to be a viable alternative to controlling the gain as claimed in the '681 Patent." (Buckman Damages Decl. ¶ 3.) Mr. Malackowski relied on the Buckman '681 Damages Declaration in §§ 12.3.4 and 12.3.5 of the Tellabs Damages Report.

[2] "Fujitsu's Motion Regarding U.S. Patent No. 7,227,681: 'Active' Versus Passive Claim Terms" (Dkt. No. 649) and "Fujitsu's Motion Regarding U.S. Patent No. 7,227,681: Claim Term 'Gain' Interpretation" (Dkt. No. 651) are currently pending before the court. Both motions are still in the process of being briefed by the parties.

[3] Fujitsu also takes the inconsistent position that Tellabs "never filed any . . . non-infringement contentions." (Fujitsu's Mot. at 6.) It is undisputed that Tellabs never filed any separate non-infringement contentions in the Illinois Action.

point in the litigation. (*Id.* at 5-6.) Tellabs responds by noting that it "was never required to serve noninfringement . . . contentions either by court order or by an effective local patent rule," arguing that if Fujitsu wanted to know the factual basis for Tellabs's affirmative defense of non-infringement, it was up to Fujitsu to "serve discovery to elicit the information." (Tellabs's Resp. at 9-10.)

The first question the court must consider is whether Tellabs has already filed non-infringement contentions, which would then require "a showing of good cause and absence of unfair prejudice" before being amended. (N.D. Ill. L.P.R. 3.4.) As this court previously noted, "The Federal Circuit has observed that [local patent rules] are meant to prevent a 'shifting sands' approach to claim construction by forcing the parties to 'crystallize their theories of the case early in litigation." (3/21/12 Order at 7-8 (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006)).) This court also noted that "traditional discovery means, such as interrogatories," are often ineffective in determining an opposing party's "theories of infringement." (*Id.* at 8.) Unfortunately, perhaps, the Northern District of Illinois's Local Patent Rules were not in effect during the initial stages of the Illinois Action. Tellabs was therefore not required to "crystallize" its non-infringement theories, either by court order or pursuant to the then non-existent Local Patent Rules. Tellabs did voluntarily set forth a bare bones affirmative defense of non-infringement, but this affirmative defense includes no detailed allegations suggesting a factual basis for Tellabs's position. In short, the court finds there is nothing for Tellabs now to amend.

The court rejects Fujitsu's assertion that it was surprised or prejudiced by the disclosure of Tellabs's non-infringement contentions in Dr. Buckman's Rebuttal Report. On March 2,

2012, Magistrate Judge Cole scheduled the parties' expert rebuttal reports to be due on April 9, 2012. (Case No. 09-4530, Dkt. No. 536 (later extended by agreement of the parties).) Common sense would dictate that the subject matter of Tellabs's expert rebuttal report was bound to include the specific details of Tellabs's non-infringement defense. If Fujitsu wanted to know Tellabs's basis for its non-infringement defense before the disclosure of Tellabs's expert rebuttal report, Fujitsu could have sought a court order requiring Tellabs to comply with the substantive requirements of Local Patent Rule 2.3(a) at any point after the Local Patent Rules went into effect. Moreover, as this court noted in its March 21, 2012 order, "[i]f Fujitsu . . . had any doubts as to the applicability of the [N.D. Ill.] Local Patent Rules . . . it should have raised these issues" as soon as they became apparent. (3/21/12 Order at 6.) Fujitsu instead waited until June 13, 2012—approximately nine months after the court's initial ruling on Fujitsu's amended infringement contentions and six weeks from the date of the above-quoted statement—to file the pending motion to strike.

Fujitsu cannot have relied on Tellabs's bare bones non-infringement defense to its detriment, because there was nothing to rely on. This is an important distinction between Fujitsu's court-ordered infringement contentions and Tellabs's voluntarily-pleaded non-infringement defense. Fujitsu seeks to avoid the "unfair" and "asymmetrical" application of the Local Patent Rules in this case. (Dkt. No. 698 ("Fujitsu's Reply") at 4.) For the most part, however, the Local Patent Rules regarding disclosure of the parties' initial and final contentions simply do not apply to this case.

Under these unique circumstances, the court finds that Fujitsu should have anticipated and expected that Tellabs would eventually set forth some factual basis for its non-infringement

13

defense. The court therefore declines to strike the relevant portions of the Buckman '681 Rebuttal Report, the Buckman '681 Damages Declaration, and the Tellabs Damages Report on the grounds set forth in Fujitsu's pending motion.

## CONCLUSION

For the reasons set forth above, Fujitsu's "Motion to Strike Portions of Tellabs' Expert Reports Regarding U.S. Patent No. 7,227,681" (Case No. 09-4530, Dkt. No. 650) is denied.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: July 19, 2012