# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4530 | **DATE** | 7/19/2012 |
| **CASE TITLE** | Fujitsu Limited vs. Tellabs Operations, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, Fujitsu's "Motion to Strike Claims by Tellabs Set Forth Only in Tellabs's Supplemental Initial Disclosures" [542] is denied as premature.

■[ For further details see text below.]  Notices mailed by Judicial staff.

# STATEMENT

Pending before the court is Fujitsu's "Motion to Strike Claims by Tellabs Set Forth Only in Tellabs's Supplemental Initial Disclosures." (Dkt. No. 542 ("Fujitsu's Mot.").)

Both parties agree that Tellabs has not pleaded a defense of unclean hands or a claim of unfair competition at this point in the litigation. Tellabs did, however, state in its October 19, 2011 supplemental initial disclosures and in its January 25, 2012 second supplemental initial disclosures its position that "Fujitsu's claims under the '681 Patent are barred by Fujitsu's unclean hands." (Fujitsu's Mot., Ex. 1 at 3; Fujitsu's Mot., Ex. 3 at 3.)

Specifically, Tellabs contended in its supplemental disclosures that "Fujitsu directed one or more of its employees to conceal Fujitsu's name and purchase Tellabs 7100 network equipment . . . for Fujitsu's inspection, use, and analysis," and that Fujitsu "reverse engineer[ed]" Tellabs's equipment and "improperly accessed the Tellabs software that was intended for use by licensed customers of Tellabs," thereby unfairly seeking a competitive advantage over Tellabs. (Fujitsu's Mot., Ex. 1 at 3-4.)

Fujitsu argues that it "does not have time to wait and see if Tellabs will eventually attempt to amend its pleadings to add these claims and if the Court will grant such a request." (Dkt. No. 575 ("Fujitsu's Reply") at 1.) Accordingly, Fujitsu asks the court to preemptively "preclude Tellabs from asserting any claim for unclean hands or unfair competition during this litigation." (Fujitsu's Mot. at 1.)

In response, Tellabs asserts that it "will be in a position to determine whether or not it needs to seek leave to amend the pleadings to add the defense of unclean hands" after the completion of the relevant Rule 30(b)(6) depositions. (Dkt. No. 563 ("Tellabs's Resp.") at 3.)

| STATEMENT |
|---|

Tellabs's response was filed on April 4, 2012. It is not clear to this court whether the relevant Rule 30(b)(6) depositions referred to in Tellabs's response have taken place. On April 3, 2012, Magistrate Judge Jeffrey Cole ordered the parties to proceed with the Rule 30(b)(6) depositions that are relevant to the pending motion, extending the dates for taking depositions to April 20, 2012. (Dkt. No. 559.) Later, on May 1, 2012, Magistrate Judge Cole denied Fujitsu's motion for a protective order that would have "reliev[ed] it from responding to discovery related to inspection of Tellabs equipment." (Dkt. Nos. 330, 587, 647).

Currently pending before Magistrate Judge Cole is "Tellabs' [Revised] Motion to Compel Production of Documents Related to Fujitsu's 2006 Inspection of Tellabs Equipment Because Fujitsu Has Waived Its Arguments Regarding Attorney-Client Privilege" (Dkt. No. 674.) Magistrate Judge Cole has set oral argument regarding this motion for July 23, 2012 at 9:30 a.m. (Case No. 08-3379, Dkt. No. 522.) At a June 25, 2012 status hearing before Magistrate Judge Cole, counsel for Fujitsu took the position that Tellabs's motion to compel "[d]oesn't have anything to do with the '681 [Patent]," while counsel for Tellabs demurred, stating "I cannot say that this has nothing to do with the '681." (*See* Dkt. No. 520 ("6/25/12 Tr.") at 23:12-13; 17-19.)

At any rate, at this point in the litigation, Tellabs has not made any attempt to amend its pleadings or otherwise assert unclean hands or unfair competition with respect to the '681 Patent. The court notes, however, that Tellabs did not identify either unclean hands or unfair competition as an "issue for first trial" in the joint status report filed with the court on June 14, 2012. (Dkt. No. 659.) If at some point Tellabs seeks leave to amend its pleadings to add unclean hands and/or unfair competition, the court can address Fujitsu's concerns at that time. For the reasons set forth above, Fujitsu's pending motion to strike is denied as premature.

*James F. Holderman*