# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4530 | **DATE** | 7/27/2012 |
| **CASE TITLE** | Fujitsu Limited vs. Tellabs Operations, Inc. | | |

**DOCKET ENTRY TEXT**

"Fujitsu's Motion Regarding U.S. Patent No. 7,227,681: 'Active' Versus Passive Claim Terms" [649] is granted in part and denied in part by the court's construing the disputed term "transmitting" which is the only disputed term raised in this motion [649] in claims 1, 2, 4, 6, 7 and 8 of the '681 Patent, the claims that Fujitsu intends to assert at the trial commencing August 27, 2012. The claim term "transmitting" when used as a verb in the '681 Patent means "engaged in the transmission of." The parties are encouraged to further discuss settlement.

■[ For further details see text below.]            Notices mailed by Judicial staff.

## STATEMENT

       Fujitsu in its motion [649] is asking for further construction of claim terms. The motion became fully-briefed five days ago. The court grants in part and denies in part the motion by obliging Fujitsu's request as to claims 1, 2, 4 6, 7 and 8. Because the issues regarding claims 1, 2, 4, 6, 7 and 8 of Fujitsu's '681 Patent are set to commence trial one month from today, on August 27, 2012, and counsel for the parties are busy finalizing trial preparation, the court has truncated the fullness of its explanation to provide counsel this ruling as promptly as possible.

       The court understands the need to approach claim construction in a manner which adheres to the principles set forth in *Phillips v. AWH Corp.*, 415 F.3d 1301 (Fed. Cir. 2005) (*en banc*), which means the court is to first examine the claim language itself and refer to the specification to understand the claims. *Id.* at 1315.

       Raised in Fujitsu's motion [649] are the claim terms "transmitting," "making," and "receiving" used as verbs in the independent claims 1, 6, 9, and 14 of the '681 Patent as follows (bolded):

   1. An optical transmission system comprising: a transmitting terminal **transmitting** a wavelength division multiplexed (WDM) optical signal having a variable number of channels associated with different wavelengths;

   6. An apparatus comprising: . . . the optical amplifier including: an optical attenuator which controls a level of the amplified WDM optical signal, an optical filter **making** the gain substantially even with respect to said different wavelengths, and a controller which controls the gain to be approximately constant.

**STATEMENT**

>9. An optical transmission system comprising: a transmitting terminal **transmitting** a wavelength division multiplexed (WDM) optical signal having a variable number of channels associated with different wavelengths; an optical amplifier which amplifies the WDM optical signal from the transmitting terminal with a gain and outputs the amplified WDM optical signal, the optical amplifier including: an optical attenuator which controls a level of the amplified WDM optical signal, an optical filter **making** the gain substantial even with respect to said different wavelengths, and a controller which controls the gain to be approximately constant; and a receiving terminal **receiving** the amplified WDM optical signal from the optical amplifier.
>
>14. An apparatus comprising: . . . the optical amplifier including: . . . an optical filter **making** the gain substantially flat with respect to said different wavelengths, . . . .

'681 Patent, col. 22, l. 4 - col. 24, l. 10.

In the claims to be tried on August 27, 2012, claim 1 is the only claim in which any of the raised terms is used. That claim term is "transmitting." It is used both as an adjective in claim 1 to modify the noun "terminal" and as a verb to describe the action engaged in by the terminal. It has long been the law that words of a claim are generally given their ordinary and customary meaning. *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996).

Nowhere in the '681 Patent other than the claims are the words "transmitting" and "receiving" used as verbs. They are always used as adjectives elsewhere than the claims in the '681 Patent. Referring to the specification in the Figures of the '681 Patent, the words "transmitting" and "receiving" are used as adjectives to describe and delineate the functional role of each respective "unit" in the prior art, conventional fiber optic communication system displayed as Figure 1 of the '681 Patent. As such, the meaning of those terms is commonly understood to a person of ordinary skill in the art as that person is defined in the court's previous claim construction determinations.

Unlike *HIC Corp. v. IPCom GMBH & Co., KG*, 667 F.3d 1270, 1276-78 (Fed. Cir. 2012), the court finds nothing in the specification or the prosecution history that discloses an intent by the patentee to inform a person of ordinary skill that the term "transmitting," when used as an active verb in claim 1, is meant to have a meaning other that its common meaning as an active verb, and counsel have pointed to nothing. The court need not go beyond the intrinsic record, because the common meaning is appropriate here.

In quick summary, Tellabs "asks this Court to construe these claims as they are written: to require terminals actively transmitting/receiving and optical filters actively making the gain substantially even/flat." ("Tellabs Operations, Inc.'s, Tellabs North America, Inc.'s and Tellabs, Inc.'s Response to Fujitsu Limited's Motion Regarding U.S. Patent No. 7,227,681: 'Active' Versus Passive Claim Terms" [Dkt. No. 695] at 4 ("Tellabs's Response [695]").

Because only the term "transmitting" matters to the upcoming trial, and the court construes only the claim term "transmitting" when used as a verb in the '681 Patent claims to be understood by a person of ordinary skill in the art to mean: "engaged in the transmission of." This construction gives effect to all the terms in the claim. *Becton, Dickson and Co. v. Tyco Healthcare Group, LP*, 616 F.3d 1249, 1257 (Fed. Cir.

**STATEMENT**

2010) (quoting *Bicom Inc. v. Straumann Co.*, 441 F.3d 945, 950 (Fed. Cir. 2006).

     When the construed meaning of the verb "transmitting" is substituted for the verb "transmitting" in claim 1 of the '681 Patent, the claim element reads: "a transmitting terminal [engaged in the transmission of] a wavelength division multiplexed (WDM) optical signal . . . ." ('681 Patent, col, 22, ll. 4-6). The court intends to instruct the jury in a manner consistent with this determination.

*James F. Holderman*