## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4530 | **DATE** | 7/31/2012 |
| **CASE TITLE** | Fujitsu Limited vs. Tellabs Operations, Inc. | | |

**DOCKET ENTRY TEXT**

Fujitsu Limited's Motion for Summary Judgment Finding No Inequitable Conduct During Prosecution of U.S. Patent No. 7,227,681 [609] is granted for the reasons set forth in the Statement section of this order. Additionally, because the court does not rely on the July 13, 2012 deposition of Mr. Robert Stoll, the July 19, 2012 deposition of Dr. A. Bruce Buckman, or the July 20, 2012 deposition of Mr. John Doll in reaching its conclusion, Tellabs' motion for leave to file a sur-reply [786] is denied as moot.

■[ For further details see text below.]

Notices mailed by Judicial staff.

### STATEMENT

Pending before the court is "Fujitsu Limited's Motion for Summary Judgment Finding No Inequitable Conduct During Prosecution of U.S. Patent No. 7,227,681." (Dkt. No. 609.)

Tellabs has pleaded that the '681 Patent is unenforceable due to Fujitsu Limited's inequitable conduct before the PTO. (*See generally* Case No. 08-3379, Dkt. No. 121 ("Tellabs's Am. Ans.") Answer ¶¶ 65-108; Counterclaims ¶¶ 28-32.) Specifically, Tellabs alleges that the inventors of the '681 Patent, Dr. Susumu Kinoshita and Mr. Yasushi Sugaya, as well as Fujitsu Limited's prosecuting attorney, Mr. Paul Kravetz, intentionally failed to cite two[1] material references in applying for and prosecuting the '681 Patent. These references are: (1) a joint article by Dr. Kinoshita and Mr. Sugaya (Sugaya et al., *Configuration Design of Multi-Wavelength Er-Doped Fiber Amplifier for WDM Transmission System*, TECHNICAL REPORT OF THE INSTITUTE OF ELECTRONICS, INFORMATION AND COMMUNICATION ENGINEERS, OCS95-36, pp. 21-26 (1995) (Dkt. No. 670-2 ("the *Sugaya* reference") (including English translation))) and (2) excerpts from a textbook by Emmanuel Desurvire (E. Desurvire, ERBIUM-DOPED FIBER AMPLIFIERS: PRINCIPLES AND APPLICATIONS, John Wiley & Sons, pp. 480-487 (1994) (Dkt. No. 610-2 ("the *Desurvire* reference"))).

On May 25, 2011, the Federal Circuit, sitting en banc, stated that it was "tighen[ing] the standards" for proving inequitable conduct "to redirect a doctrine that has been overused to the detriment of the public." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011) (en banc). This court therefore quotes extensively from *Therasense* in setting forth the applicable legal standard.

---

[1.] Tellabs appears to have abandoned its allegation that Dr. Kinoshita, Mr. Sugaya, and MR. Kravetz failed to disclose JP455 to the PTO, as initially pleaded.

**STATEMENT**

"Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense*, 649 F.3d at 1285. "To prevail on a claim of inequitable conduct, the accused infringer must prove that the patentee acted with the specific intent to deceive the PTO." *Id.* at 1290. This means proving "by clear and convincing evidence that the applicant knew of the reference, knew it was material, and made a deliberate decision to withhold it." *Id.* at 1290. "A district court may infer intent from indirect and circumstantial evidence." *Id.* On the other hand, the court "may not infer intent solely from materiality." *Id.* Similarly, "[p]roving that the applicant knew of a reference, *should have known* of its materiality, and decided not to submit it to the PTO does not prove specific intent to deceive." *Id.* (emphasis added). "[T]o meet the clear and convincing evidence standard, the specific intent to deceive must be the single most reasonable inference able to be drawn from the evidence." *Id.* (quotation marks omitted). "[W]hen there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found." *Id.*

"[T]he materiality required to establish inequitable conduct is but-for materiality." *Id.* at 1291. A non-disclosed reference is material "if the PTO would not have allowed a claim had it been aware of the undisclosed prior art." *Id.*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court's role in reviewing a motion for summary judgment is simply "to determine based on the record whether there is a genuine issue of material fact requiring trial." *Costello v. Grundon*, 651 F.3d 614, 636 (7th Cir. 2011). In performing this analysis, the court views the evidence in the light most favorable to the non-movant. *Berry v. Chicago Transit Authority*, 618 F.3d 688, 691 (7th Cir. 2010). If there is no genuine issue of material fact requiring trial, summary judgment is appropriate in favor of the movant. *Id.* at 690-91.

Tellabs has not disputed that there was no inequitable conduct with respect to Dr. Kinoshita and Mr. Sugaya's failure to disclose the *Desurvire* reference, or with respect to Mr. Kravetz's failure to cite the *Sugaya* reference. Summary judgment is therefore granted in favor of Fujitsu Limited with respect to these allegations. Tellabs's remaining allegations of inequitable conduct are addressed below.

1. *Sugaya* Reference

Fujitsu Limited argues that the *Sugaya* reference is cumulative of information already before the PTO and, therefore, need not have been disclosed by Fujitsu Limited to comply with its minimum duty not to engage in inequitable conduct before the PTO. Specifically, Fujitsu Limited argues that two different patents disclosed to the PTO during the prosecution of the '681 Patent, U.S. Patent No. 6,055,092 ("the '092 Patent") and U.S. Patent No. 5,510,926 (the '926 Patent"), already disclosed the fixed-channel optical amplifier system that is the focus of the *Sugaya* reference. (Dkt. No. 609 ("Fujitsu's Mem.") at 3 ("the inventors went on to file the application for [the '092 Patent], which contained a more comprehensive disclosure than the *Sugaya* article of their fixed-channel optical amplifier system").) It is undisputed that Mr. Kravetz, on behalf of Fujitsu Limited, submitted an Information Disclosure Statement ("IDS") to the PTO on October 4, 2004, citing both the '926 Patent and the '092 Patent during the prosecution of the '681 Patent.

By definition, a non-disclosed reference that is cumulative of prior art properly before the patent examiner cannot be material. *See Therasense*, 649 F.3d at 1291 ("prior art is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art"). In light of competing expert opinions in this case, the court agrees with Tellabs that "there is a fact dispute as to whether the *Sugaya* article . . . is cumulative of prior art cited before the USPTO (the '092 Patent) during the prosecution of the '681 Patent." (Dkt. No. 669 ("Tellabs's Resp.") at 4.) A factual dispute on this point, however, is not by

itself sufficient to withstand summary judgment. Even if Tellabs prevails in proving that the *Sugaya* reference was not cumulative, and that the *Sugaya* reference was material to the examination of the '681 Patent, Tellabs must still prove that Fujitsu Limited acted with the specific intent to deceive the PTO. *See Therasense*, 649 F.3d at 1290 ("a district court may not infer intent solely from materiality").

Tellabs argues that Fujitsu Limited's intent to deceive with respect to the *Sugaya* reference can be inferred from the following additional facts: (1) "the two inventors of the '681 Patent are named authors of the *Sugaya* article"; (2) Fujitsu Limited cited the *Sugaya* reference in the '092 Patent; and (3) although Fujitsu Limited disclosed the '092 Patent to the PTO while prosecuting the '681 Patent application, it did not disclose the *Sugaya* reference. (Tellabs's Resp. at 8.)

"[T]o meet the clear and convincing evidence standard, the specific intent to deceive must be the single most reasonable inference able to be drawn from the evidence." *Therasense*, 649 F.3d at 1290. "[W]hen there are multiple reasonable inference that may be drawn, intent to deceive cannot be found." *Id.* at 1290-91.

Viewing the evidence in the light most favorable to Tellabs, as the court must do at this summary judgment stage, the court finds that it is reasonable to infer from the above-cited facts that "Mr. Suguya and Mr. Kinoshita intended to deceive the USPTO by failing to disclose the Sugaya reference in conjunction with prosecution of the '681 Patent Application." (Dkt. No. 711 FILED UNDER SEAL ("Expert Report of Robert Stoll Regarding Inequitable Conduct During the Prosecution of U.S. Patent No. 7,227,681") ("Stoll Report") ¶ 69.) The court also finds, however, that other reasonable inferences can be drawn from this evidence, including the inference that the inventors believed (perhaps erroneously) that the *Sugaya* reference was cumulative of Patent '092, or that the inventors simply erred by forgetting to include the *Sugaya* reference. As Fujitsu Limited suggests in its briefing before the court, a reasonable fact-finder could conclude that "if [the inventors] had wished to conceal the technologies in the *Sugaya* article, they would not have disclosed the '092 Patent." (Fujitsu's Mem. at 15.) Because more than one reasonable inference may be drawn from the undisputed facts before the court, Tellabs cannot prevail on its inequitable conduct defense with respect to the *Sugaya* reference. *See, e.g., Mformation Techs., Inc. v. Research in Motion Ltd.*, 830 F. Supp. 2d 815, 830-31 (N.D. Cal. Dec. 19, 2011) (Ware, C.J.) ("The evidence presented by Plaintiff permits the reasonable inference that Schwartz did not consider the Dimech and Geiger references to be material to the '917 Patent. But if that reasonable inference is drawn, it necessarily leads to the conclusion that Schwartz did not act with the requisite deceitful intent when he failed to disclose the Dimech and Geiger references to the PTO in the prosecution of the '917 Patent.").

2. *Desurvire* Reference

Fujitsu Limited similarly argues that the *Desurvire* reference is cumulative of both the '092 Patent and the '926 Patent, insofar as the *Desurvire* reference also discloses a gain-flattening optical filter. (Fujitsu's Mem. at 16.)

Again, the court agrees with Tellabs that "there is a fact dispute over whether the *Desurvire* reference was material and not cumulative of other references before the examiner." (Tellabs's Resp. at 9.) Regardless of materiality, however, Tellabs must still prove that Fujitsu Limited acted with the specific intent to deceive the PTO.

In addition to its argument that the *Desurvire* reference is material, Tellabs argues that Fujitsu

**STATEMENT**

Limited's intent to deceive with respect to the *Desurvire* reference can be inferred from the fact that "the *Desurvire* reference was used five times to reject the '092 Patent application" and that Mr. Kravetz was the same attorney who prosecuted both the '092 Patent application and the '681 Patent application on behalf of Fujitsu Limited. (Tellabs's Resp. at 11-12.) It is Tellabs's position that "Mr. Kravetz was indisputably familiar with the USPTO rejecting Fujitsu Limited's gain-flattening optical filter elements after five examiner rejections, five responses, and an examiner interview regarding the *Desurvire* reference during the prosecution of the '092 Patent application, . . . [and that] the single most reasonable inference is that Mr. Kravetz intended to deceive the USPTO by failing to disclose the *Desurvire* reference." (*Id.* at 12-13 (*see also* Stoll Report ¶ 58).) The office actions, responses, and interview cited by Tellabs with respect to the '092 Patent all took place between September 18, 1998 and December 20, 1999. (Tellabs's Resp. at 12, n.53, n. 54.) The '092 Patent issued on April 25, 2000. Fujitsu Limited's application for the '681 Patent was filed on October 4, 2004.

Viewing the evidence in the light most favorable to Tellabs, as the court must do at this summary judgment stage, the court finds that it is reasonable to infer from the above-cited facts that Mr. Kravetz intended to deceive the USPTO by failing to disclose the *Desurvire* reference. The court also finds, however, that other reasonable inferences can be drawn from above-cited facts and the fact that Mr. Kravetz disclosed the '092 Patent and the '926 Patent in his prosecution of the '681 Patent, including the inference that Mr. Kravetz believed (perhaps erroneously) that the *Desurvire* reference "was cumulative over the '092 and '926 Patents, which also have a gain-flattening filter" and the inference that Mr. Kravetz simply erred by forgetting to include the *Desurvire* reference. (Fujitsu's Mem. at 19.) Because more than one reasonable inference may be drawn from the undisputed facts before the court, Tellabs cannot prevail on its inequitable conduct defense with respect to the *Desurvire* reference.

The Federal Circuit noted in *Therasense* its concern that "patent prosecutors regularly bury PTO examiners with a deluge of prior art references, most of which have marginal value." *Therasense*, 649 F.3d at 1289. By "tighten[ing] the standards for finding both intent and materiality," the Federal Circuit sought to reign in "[t]his tidal wave of disclosure" and punish only those patentees who "acted knowingly and deliberately with the purpose of defrauding the PTO and the courts." *Id.* at 1289-90. That is not the situation in this case. On the undisputed facts before this court, the court finds as a matter of law that Tellabs cannot prevail on its inequitable conduct defense, and that summary judgment is appropriately found in favor of Fujitsu Limited.

*James F. Holderman*