IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FUJITSU LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 C 4530 |
| | ) | |
| TELLABS, INC., | ) | |
| TELLABS OPERATIONS, INC., and | ) | |
| TELLABS NORTH AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING TELLABS' MOTION FOR SUPPLEMENTAL CLAIM
CONSTRUCTION OF ACTIVE LANGUAGE IN CLAIM 4 OF U.S. PATENT NO. 5,521,737

JAMES F. HOLDERMAN, District Judge:

Tellabs' "Motion for Supplemental Claim Construction of Active Language in Claim 4 of U.S. Patent No. 5,521,737" [1003] is granted for the reasons set forth in the Statement section of this Order.

The court finds that a person of ordinary skill in the art who reviewed the '737 Patent, its specification, and its prosecution history would understand the claim terms "emitting" and "receiving," as used in Claim 4 of the '737 Patent to describe the semiconductor laser element and the signal receiver element, to mean "engaged in the emission of" and "engaged in the receipt of," respectively. The court therefore adopts these constructions of the claim terms "emitting" and "receiving" as used in the relevant portions of Claim 4.

This case remains set for trial on the '737 Patent on 2/24/14 with all pre-trial dates as set forth in the scheduling order entered by this court on 6/7/13 [1090; 1108]. Status hearing remains scheduled for 9/10/13 at 9:00 a.m. to further discuss the streamlining of discovery in this case, as well as related case numbers 12 C 3229 and 13 C 4991. Fujitsu Limited's "Motion for Summary Judgment of Infringement of Claims 4 and 5 of U.S. Patent No. 5,521,737" [601] and "Motion for Leave to Formally Serve the Third Supplemental Expert Report of Dr. Alan E. Willner" [1041] are both denied as moot, because Fujitsu Limited's arguments are based solely on the Tellabs 7100 system equipped with LIAM-E or LRAM-E modules, and the court has determined that these modules are not at issue in case number 09 C 4530 [113]. Fujitsu Limited is granted leave to re-file these or similar motions in case number 13 C 4991 at an appropriate time, should it desire to do so.

Statement

The court finds that the claim construction question presented in Tellabs' pending motion is best resolved on a reading of the plain language of Claim 4, with appropriate consideration of the specification and prosecution history.

"[A]bsent contravening evidence from the specification or prosecution history, plain and unambiguous claim language controls the construction analysis." *DSW, Inc. v. Shoe Pavilion, Inc.*, 537 F.3d 1342, 1347 (Fed. Cir. 2008). In this case, the plain language of Claim 4 recites an optical amplifier comprised of two active elements: "a semiconductor laser emitting a pumping light beam" and "a signal receiver receiving the second optical signal." ('737 Patent, col. 8 ll.3-4; l.12.) The words "emitting" and "receiving" are common words with an ordinary meaning consistent with Tellabs' proposed claim construction: "engaged in the emission of" and "engaged in the receipt of." (Dkt. No. 1003 ("Tellabs' Mot.") at 6.) These claim terms are not ambiguous, and neither party argues that the words "emitting" and "receiving" are terms of art specific to the field of optical communication systems or optical signal amplification, or that the terms carry any special meaning to a person of ordinary skill in the art. As a general rule, courts engaged in claim construction "presume that the terms in the claim mean what they say." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l*, 711 F.3d 1348, 1360 (Fed. Cir. 2013); *see also Tate Access Floors, Inc. v. Interface Architectural Resources, Inc.*, 279 F.3d 1357, 1370 (Fed. Cir. 2002) ("[A] court must presume that the terms in the claim mean what they say, and, unless otherwise compelled, give full effect to the ordinary and accustomed meaning of claim terms.") (citation omitted)). The plain language of Claim 4 therefore supports Tellabs' proposed construction of the claim terms at issue.

The court is not persuaded by Fujitsu Limited's argument that the preamble's description of an optical amplifier "for amplifying . . . and receiving" requires a different construction than that afforded by the common meaning of the claim terms at issue. (Dkt. No. 1014 ("Fujitsu's Resp.") at 6-9 (citing '717 Patent, col. 7 ll.65-67).) A semiconductor laser "engaged in the emission of" a pumping light beam can certainly be used "for amplifying" a first optical signal, and a signal receiver "engaged in the receipt of" a second optical signal can certainly be used "for receiving" that signal. The preamble of Claim 4 is therefore also consistent with Tellabs' proposed claim construction and with the common, ordinary meaning of the words "emitting" and "receiving."

Moreover, there is no "special definition" of these terms appearing in the specification or the prosecution history. *Northern Telecom Ltd. v. Samsung Elecs. Co.*, 215 F.3d 1281, 1295 (Fed. Cir. 2000) ("The plain and ordinary meaning of claim language controls, unless that meaning renders the claim unclear or is overcome by a special definition that appears in the intrinsic record with reasonable clarity and precision."). The specification description of "a pumping light source for emitting the pumping light beam" ('737 Patent, col. 2 l.31) is consistent with the plain language of Claim 4 requiring a semiconductor laser actively engaged in the emission of a pumping light beam for the same reasons described above: a laser that is engaged in the act of "emitting" can be used "for emitting." Similarly, the specification description of a "reception portion for receiving" a modulated pumping light beam or a signal light beam ('737

Patent, col. 6 ll.59-63) is consistent with the plain language of Claim 4 requiring a signal receiver actively engaged in the receipt of a second optical signal.

The prosecution history is also consistent with the plain language of Claim 4, insofar as the amended patent language submitted to the PTO for consideration of the patent application specifically and intentionally altered the claim language *away from* the construction now proposed by Fujitsu Limited. The signal receiver element of Claim 4 (then Claim 12) originally recited "a signal receiver for receiving the second optical signal." (Dkt. No. 160-6 at J.A. 1244-48 ("Preliminary Amendment") at 1246.) The patentee later amended Claim 4 (then Claim 12) on May 18, 1995, to delete the word "for" from the phrase "for receiving," resulting in the phrase "a signal receiver receiving the second optical signal" as currently recited in Claim 4. (Dkt. No. 160-6 at J.A. 1251-59 ("Supplemental Preliminary Amendment") at 1253.) While the court recognizes that "[c]laim language and the specification generally carry greater weight than the prosecution history," *HTC Corp. v. IPCom GmbH & Co., KG*, 667 F.3d 1270, 1276 (Fed. Cir. 2012), the court is reluctant to now adopt a construction specifically disavowed by the patentee when prosecuting its patent claims before the PTO. *Accord Interval Licensing, LLC v. AOL, Inc.*, No. C10-1385MJP, 2013 WL 792791, at *10 (W.D. Wash. Feb. 28, 2013) ("Defendants' proposed construction improperly reintroduces a requirement of 'direct' transmission that was expressly removed during prosecution.").

As Tellabs has noted, courts must "construe the claim as written, not as the patentees wish they had written it." (Tellabs' Mot. at 2 (quoting *Chef Am., Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371, 1374 (Fed. Cir. 2004).) For the reasons set forth above, the court agrees with Tellabs' proposed construction of the claim terms "emitting" and "receiving" as used in Claim 4 of the '737 Patent to describe the semiconductor laser element and the signal receiver element, and grants Tellabs' motion for supplemental claim construction.

ENTER:

*[signature: James F. Holderman]*

JAMES F. HOLDERMAN
United States District Court Judge

Date: September 6, 2013