**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TELLABS OPERATIONS, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 09 C 4530** |
| v. | ) | |
| | ) | **Judge James Holderman** |
| **FUJITSU LIMITED AND FUJITSU** | ) | |
| **NETWORK COMMUNICATIONS, INC.,** | ) | **Magistrate Judge Cole** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **FUJITSU LIMITED,** | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| **TELLABS OPERATIONS, INC, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

On January 9, 2014, Judge Holderman referred Tellabs' most recent discovery motion, one captioned "Second Motion for Reclassification of Documents Produced under Protective Order," [#1147] to me for disposition. The motion had not yet been briefed. Tellabs filed its reply brief in support of the motion on January 10, 2014. Because of certain technical problems involving redactions, the motion was not briefed until January 14th.

About three weeks thereafter, on February 10th, Tellabs filed a motion to expedite ruling on its discovery motion; the presentment date was February 14, 2014. Tellabs wants a decision no later than February 20th. The ostensible reason is there is a scheduled mediation on February 21st and 22nd, and if Tellabs' in-house counsel and management team can review the documents at issue, they will be able "to evaluate more fully the parties' disputes and . . . make the upcoming mediation more effective." [Dkt. # 1185].

A few points should be made at the outset. The first is best made by way of a question. When did Tellabs schedule the dates of the mediation and why did it wait until just four weeks prior to that mediation to complete briefing on its complicated and time consuming reclassification motion? According to the reclassification motion, Tellabs' attorneys reviewed at least one of the documents at issue, the Katoh report, *nearly a year ago*. [Dkt. # 1147, at 2-4]. Tellabs does not come forward with the dates counsel first reviewed the other documents at issue, but it would appear it was immediately in the wake of their review of the Katoh report. Where was the expediency back then? A second point is that Tellabs filed their motion for an expedited ruling on February 10th, with a presentment date of February 14th. [Dkt. # 1186]. Tellabs is seeking reclassification of eight different categories of documents encompassing hundreds of pages of technical reports. Even if the court were to rapidly acquaint itself with these documents and review them immediately, given the arguments the parties present in their briefs, the inherent complexity of the topic and the late date for the presentment of the motion – just 4 days before the mediation – it seems rather obvious that there would be inadequate time for meaningful review – to say nothing of the inadequate amount of time for meaningful consideration of the issues.

Yet another point is that this is the parties' third mediation (at least) [Dkt. # 102, 1085] with the previous two failing. Perhaps the third time will be the charm but if past is prologue and given the parties' positions throughout this litigation, the prospect of success is somewhat dubious. Also, note the docket number on their motion for an expedited ruling: 1185. This is a five-year-old case that has obviously been generating endless amounts of attention by the attorneys and two judges in this district. With all the work having been done by Tellabs' counsel, it's difficult to imagine that they cannot, by now, evaluate the parties' disputes and effectively handle this third attempt at

mediation without this court having literally to put aside all of the other cases in which it has responsibilities. All of the documents at issue in this current motion have been produced for review to outside counsel, and presumably long ago. And while the documents may not have been shared by Tellabs' counsel, they no doubt, as they had the right to do, discussed with Tellabs and its in-house counsel the import of the documents.

And finally, if a ruling is actually as important as Tellabs decided it was on February 10th, why can't the mediation be postponed? Tellabs has offered no inkling as to why February 21st and 22nd must be the dates. No doubt it is for the convenience of the arbitrator. But his convenience and that of the parties' lawyers should not trump the pressing interests of every litigant and every other lawyer on this court's docket. Postponing the mediation would accomplish Tellabs' desires without hindering the progress of my other cases – each of which is as important as this one and whose place in the queue ought not be ignored.

The second observation about the motion is its apparent futility due to the propinquity between the timing of the motion and the imminent mediation. The ruling on Tellabs' motion will be made in due course and as quickly as other pressing matters will allow. While its motion for an *expedited* decision is not persuasive, this is not to say that we shall not attempt to decide that motion before the parties' third try at mediation.

The present presentment date of February 14, 2014 at 11:00 a.m. will stand.

3

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 2/13/14