FILED

Jul 23, 2014
JUL 23 2014

Judge James F. Holderman
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FUJITSU LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Nos.   09 C 4530 |
| | ) | |
| TELLABS, INC., | ) | |
| TELLABS OPERATIONS, INC., and | ) | Judge James F. Holderman |
| TELLABS NORTH AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## FINAL JURY INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

1

During this trial, I may have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

In this case the parties are corporations. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and the stipulation of uncontested facts. A stipulation is an agreement between both sides that certain facts are true.

Certain things are not evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence, and your verdict must not be influenced in any way by any of it.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements, interim statements, and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

During the course of this trial, I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases direct evidence and circumstantial evidence. Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In

reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses. The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.

In evaluating the testimony of any witness, you may take into account:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements made before the trial by either a witness under oath or a party to the case, as evidence of the truth of what was said in the earlier statements, as well as in deciding what weight to give the testimony here in court of that witness or party

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent

with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether the witness's testimony here in court was true and what weight to give to the witness's testimony here in court.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge their testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

It is proper for a lawyer to meet with any witness in preparation for a trial.

Some witnesses have testified through an interpreter. You should consider only the evidence provided through the official interpreter. Although some of you may know the languages used by the witnesses, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation.

Certain demonstrative exhibits, such as charts, summaries, and illustrations, have been received in evidence. These charts, summaries, and illustrations are only as good as the underlying evidence supporting them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

In this case, the parties have already stipulated, or agreed, to certain facts in the Statement of Uncontested Facts, which has been given to you in your Juror Binder. You must now treat these agreed facts as having been proved for the purpose of this case.

Members of the jury, you each have been given a copy of the "Final Verdict Form", before the lawyers' closing arguments. As to each of Question 1 through Question 5 on that Final Verdict Form, Tellabs' burden of proof is a "preponderance of the evidence," which means "more probably true than not true." In other words, as to each of Questions 1 through 5, if Tellabs has proven what is asked in a particular question to be more probably true than not true, your answer to that particular question should be "Yes." If Tellabs has not proven what is asked by any particular question of Questions 1 through 5, to be more probably true than not true, your answer to that particular question should be "No."

As to Question 6, Tellabs' burden of proof is "by clear and convincing evidence," which means that it is highly probable that something is true. It is a greater burden of proof than "a preponderance of the evidence," which applies to Questions 1 through 5, but is not as great as "beyond a reasonable doubt," which applies in criminal cases.

I will now turn to discuss each of the six questions, that as the jury, you are asked in the Final Verdict Form. In answering these questions during your deliberations, you should start with Question 1 and follow the instructions that are on the form after you answer each question.

## Question # 1

In Question 1 on page 1 of the Final Verdict Form, you are asked:

"**Question 1:** Has Tellabs proven that Fujitsu in its May 27, 1996 letter and Patent Statement (Joint Exhibit 2) agreed it was willing to grant a license of Fujitsu's '737 Patent's technology on RAND terms in compliance with the ITU's Patent Policies?"

To answer "Yes" to Question 1, you must find that Tellabs has proven that Fujitsu's May 27, 1996 letter and Patent Statement to the ITU was a statement of an agreement by Fujitsu sufficient to cause a reasonable person to believe that Fujitsu agreed that Fujitsu was willing to grant a license of Fujitsu's '737 Patent's technology on RAND terms in compliance with the ITU's Patent Policies.

## Question # 2

In Question 2 on page 1 of the Final Verdict Form, you are asked:

"**Question 2:** Has Tellabs proven that Fujitsu's '737 Patent's technology is essential to (meaning the '737 Patent's technology is one of the alternative ways required to implement) one or more of the necessary specifications of the standardized technology recommended by the ITU-T Recommendation G.692 titled, "Optical interfaces for multichannel systems with optical amplifiers?"

To answer "Yes" to Question 2, you must find that Tellabs has proven that Fujitsu's '737 Patent's technology is one way, among other alternative ways, required to implement one or more of the necessary specifications of standardized technology recommended by ITU-T Recommendation G.692.

The use of Fujitsu's '737 Patent's technology need not be the only way to implement the ITU-T Recommendation G.692. Tellabs has met its burden as to Question 2 if Tellabs has proven that the use of Fujitsu's '737 Patent's technology is one of the ways to implement one or

more of the necessary specifications of the standardized technology recommended by the ITU-T

Recommendation G.692.

## Question # 3

In Question 3 on page 2 of the Final Verdict Form, you are asked:

"**Question 3:** Has Tellabs proven that Fujitsu breached its agreement that it was willing to grant a license of Fujitsu's '737 Patent's technology on RAND terms by:

    (a) Fujitsu not offering to grant Tellabs a license on RAND terms for Fujitsu's '737 Patent's technology?

    (b) Fujitsu filing a lawsuit against Tellabs and seeking injunctive relief based upon the alleged infringement of the '737 Patent?

    (c) Fujitsu filing a lawsuit against Tellabs and seeking a non-RAND royalty rate based on the alleged infringement of Fujitsu's '737 Patent?

    (d) Fujitsu filing a lawsuit against Tellabs and seeking damages in the form of lost profits based upon the alleged infringement of Fujitsu's '737 Patent?

    (e) Fujitsu filing a lawsuit against Tellabs alleging infringement of the '737 Patent that damaged Tellabs' business?"

    (f) Fujitsu filing a lawsuit against Tellabs alleging infringement of the '737 Patent that required Tellabs to devote management attention and time, as well as other resources to defending the lawsuit, such as attorney's fees, expert fees, and related costs?"

Each subpart of Question 3 should be considered and answered separately.

Fujitsu's willingness to grant a license on RAND terms is a guarantee by Fujitsu that

Fujitsu would not take steps to keep potential users of the '737 Patent's technology from using

that technology, but that Fujitsu would instead remain willing to negotiate RAND terms on

licenses with anyone willing to negotiate with Fujitsu for a RAND license.

To answer "Yes" to Question 3, you must find that Tellabs has proven that Fujitsu

breached the agreement you found in answering "Yes" to Question 1, which was that Fujitsu was

willing to grant a license of Fujitsu's '737 Patent's technology on RAND terms, and that Fujitsu committed the breach by taking, one or more, of the actions set out in subparts (a) through (f) of Question 3.

### Question # 4

In Question 4 on page 3 of the Final Verdict Form, you are asked:

"**Question 4:** Has Tellabs proven that Tellabs would have been willing to negotiate a license of Fujitsu's '737 Patent's technology from Fujitsu on RAND terms in compliance with the ITU's patent policies, if Fujitsu had offered Tellabs RAND terms for such a license?"

To answer "Yes" to Question 4, you must find that Tellabs has proven that Tellabs would have been willing to negotiate a license of Fujitsu's '737 Patent's technology from Fujitsu on RAND terms in compliance with the ITU's patent policies, after Fujitsu had offered Tellabs a license containing such RAND terms.

Tellabs' willingness to negotiate a license of Fujitsu's '737 Patent's technology from Fujitsu on RAND terms in compliance with the ITU's patent policies must be proven, because if Tellabs had been unwilling to negotiate a license on RAND terms if asked by Fujitsu, then Fujitsu could not have breached a duty to negotiate on RAND terms with Tellabs. To explain this further, Fujitsu could not have breached a duty to negotiate with Tellabs for a license of Fujitsu's '737 Patent's technology on RAND terms, if Tellabs was unwilling to negotiate with Fujitsu after Fujitsu had offered Tellabs RAND terms for a license.

9

**Question # 5**

In Question 5 on page 3 of the Final Verdict Form, you are asked:

"**Question 5:** Has Tellabs proven that Fujitsu was willful in Fujitsu's breach of its agreement that it was willing to grant a license on RAND terms for Fujitsu's '737 Patent's technology, in that Fujitsu's breach was intentional, knowing, and with conscious disregard for Tellabs' rights, or alternatively, was done with reckless disregard for Tellabs' obvious or known rights?"

To answer "Yes" to Question 5, you must find that Tellabs has proven that Fujitsu was willful in its breach of its agreement to grant a license of Fujitsu's '737 Patent's technology on RAND terms, in that Fujitsu's breach was intentional, knowing and with Fujitsu's conscious or reckless disregard for obvious or known rights belonging to anyone, including Tellabs, who was willing to negotiate to license Fujitsu's '737 Patent's technology on RAND terms.

**Question # 6**

In Question 6 on page 3 of the Final Verdict Form, you are asked:

"**Question 6:** Has Tellabs proven by clear and convincing evidence that Fujitsu was willful in its breach of its agreement that it was willing to grant a license for its '737 Patent on RAND terms?"

To answer "Yes" to Question 6, you must find that Tellabs has proven, by clear and convincing evidence, that Fujitsu was willful in its breach of its agreement that it was willing to grant a license for its '737 Patent's technology on RAND terms.

Tellabs has the burden of proving Question 6 on page 3 of the Final Verdict Form by "clear and convincing evidence." Again, this means when you have considered all of the evidence in the case, you, the jury, in addition to being persuaded that it is more probably true than not true that Fujitsu's breach of its agreement stated in its May 27, 1996 letter and Patent Statement (Joint Exhibit 2) was willful, you, the jury, are convinced it is "highly probable that it

is true," that Fujitsu's breach of its agreement stated in its May 27, 1996 letter and Patent

Statement (Joint Exhibit 2) was willful.

Upon retiring to the jury room, you must select a foreperson. The foreperson will preside

over your deliberations and will be your representative here in court. A Final Verdict Form has

been prepared for you. A copy of the Final Verdict Form was given to each of you before the

lawyer's closing arguments.

You should use the "Official Final Verdict Form" to report your verdict as the jury in this

case. You should no longer refer to or use the Preliminary Verdict Form.

The "Official Final Verdict Form" on which you should report your verdict will be

brought to you in the jury room shortly, along with copies for each of you of these Final Jury

Instructions. When you have reached unanimous agreement on the verdict, your foreperson will

fill in and date the Official Final Verdict Form, and all of you will sign it, reflecting your

agreement with the verdict you as the jury have reached.

I do not anticipate that you will need to communicate with me during your deliberations

until you reach your verdict. If you do need to communicate with me, the only proper way is in

writing. The writing must be signed by the foreperson, or, if he or she is unwilling to do so, by

some other juror. The writing should be given to the court security officer, who will be waiting

outside the jury room door and who will give it to me. I will respond either in writing or by

having you return to the courtroom so that I can respond orally. I will need to confer with

counsel for the parties before I respond to you.

If you do communicate with me, you should not indicate in your note what your

numerical division is, if any.

Members of the jury, the verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. Always remember, you are impartial judges of the facts.